STATE of Missouri, Respondent,

v.

Earl TURNER, Appellant.

No. 48997.

Supreme Court of Missouri,

Division No. 2.

Feb. 12, 1962.

Earl Turner, pro se.

Thomas F. Eagleton, Atty. Gen., Moody Mansur, Asst. Atty. Gen., for respondent.

STORCKMAN, Judge.

The appeal is from an order of the Circuit Court of Jackson County overruling the defendant's motion (under S.Ct. Rule 27.26, V.A.M.R.) to vacate the judgment and sentence of life imprisonment imposed upon him pursuant to his conviction of murder in the second degree.

On April 6, 1960, an information was filed charging the defendant with murder in the first degree. The trial on May 9 and 10, 1960, resulted in defendant's conviction of murder in the second degree and his punishment was assessed by the jury at life imprisonment. On May 19, 1960, the defendant appearing in court in person and by attorney, his motion for new trial was overruled, allocution was granted, and he was sentenced in accordance with the verdict. There is no showing that he appealed or attempted to appeal.

Over a year later, on June 7, 1961, the defendant filed in the circuit court a motion for leave to proceed in forma pauperis which was granted and his motion to vacate the judgment and sentence was filed. The motion alleges generally that the conviction and sentence are rendered null and void because of infringement of the defendant's constitutional rights. The Sixth and Fourteenth Amendments to the Constitution of the United States and Art. I, § 10, Constitution of Missouri, V.A.M.S., are specifically mentioned. Section 18a, Art. I, of the Missouri Constitution, providing that in a criminal prosecution the accused shall have the right to appear in person and by counsel, is not referred to but is comparable to Amendment Sixth of the federal constitution. The allegations of the motion will be further discussed during the course of the opinion.

On July 5, 1961, the trial court having examined the defendant's motion and reviewed the files and record in his case found that the prisoner was entitled to no relief and overruled the motion to vacate. In due course the defendant appealed.

■ Both state and federal decisions have developed the purpose and scope of relief available under S.Ct. Rule 27.26 and the similar federal rule so thoroughly that it need not be repeated here. It is sufficient to say that the relief was not intended to be any broader than that obtainable by habeas corpus; hence it is only where the sentence is void or otherwise subject to collateral attack that relief will be granted. State v. Cerny, 365 Mo. 732, 286 S.W.2d 804, 806; Adams v. United States, 95 U.S.App.D.C. 354, 222 F.2d 45, 46; Hill v. United States, 82 S.Ct. 468.

■ The motion must state the facts essential to establish the illegality relied upon for relief so that the court may ascertain from the motion and the files and the records of the case whether a hearing

is necessary. Mere conclusions are unavailing. A groundless motion may be summarily disposed of without a hearing. State v. Cerny, 365 Mo. 732, 286 S.W.2d 804, 807; State v. Ninemires, Mo., 306 S.W.2d 527, 530–531.

The motion to vacate is quite lengthy and at times vague and difficult to understand. The brief filed by the defendant in this court follows substantially his motion in form and substance. Both the motion and the brief were filed pro se. The questions presented fall generally into three categories. The first point relied upon by defendant is thus stated: "Failure of the Court to appoint counsel at the preliminary hearing". The record does not show that the defendant requested the appointment of counsel at the preliminary examination. He concedes that he had court-appointed counsel at his trial in the circuit court. He relies chiefly upon Williams v. Kaiser, 323 U.S. 471, 65 S.Ct. 363, 89 L.Ed. 398, in which the defendant, apparently on arraignment, after requesting but failing to secure the appointment of counsel, pleaded guilty to an indictment charging armed robbery. A preliminary examination was not involved and the decision is not controlling or persuasive in this case.

■ A person about to be arraigned upon an indictment or information charging a felony who is unable to employ counsel is entitled at his request to have counsel assigned to him by the court. Sections 545.020, 546.010 and 546.020, RSMo 1959, V.A.M.S. Unlike a prosecution started by an indictment voted by a grand jury, a preliminary examination is required before a prosecutor is authorized to commence a criminal prosecution by filing an information. S.Ct. Rule 23.02 and § 544.250.

■ Ordinarily, defects in the proceedings by which a criminal prosecution is commenced, whether by indictment or by information, must be taken advantage of by a pretrial motion in the circuit court which has original and exclusive jurisdiction of the trial and disposition of felony cases. Sections 541.020 and 545.010; State v. Young, Mo., 351 S.W.2d 732; State v. Hester, Mo., 331 S.W.2d 535, 537[5]; State v. Crouch and Jenkins, Mo., 353 S.W.2d 597.

■ A preliminary examination is not a trial of the accused for the offense alleged in the complaint but merely an inquiry to determine if there is probable cause to believe that a felony has been committed and that the accused is the offender so that he may be bound over and formally charged and tried in the circuit court or discharged if probable cause is not found. A preliminary hearing is designed to prevent possible abuse of power by the prosecution and at the same time permit the arrest and detention of an accused in a proper case. Neither the federal or state constitution, nor any of our statutes require the magistrate to appoint counsel for the accused at a preliminary examination. S. Ct. Rules 23.02 and 23.08; §§ 544.250, 544.-410 and 544.420; State v. Graves, 352 Mo. 1102, 182 S.W.2d 46, 52[7]; Skiba v. Kaiser, 352 Mo. 424, 178 S.W.2d 373, 374 [2]; Lambus v. Kaiser, 352 Mo. 122, 176 S.W.2d 494, 497[6]; State v. Young, Mo., 351 S.W.2d 732; State v. Crouch and Jenkins, Mo., 353 S.W.2d 597.

The defendant's second and sixth points involve the related contentions that his court-appointed counsel was ineffective and the defendant was thereby denied due process of law in that his attorney suppressed evidence favorable to him and "made no lawful defensive efforts in the case." The defendant purports to recite the testimony of two of the state's witnesses who were in the defendant's room at the time that he stabbed Leroy Hamilton to death. The so-called suppression of evidence charged by the defendant consists of his counsel's failure to cross-examine these witnesses in the manner that defendant thinks counsel should have. Further the defendant asserts that the prosecuting attorney in his closing argument to the jury improperly and prejudicially implied that the defendant was guilty of murder and that his court-ap-

pointed attorney could have brought out the cause of the fight and shown that he was acting in self-defense. Giving defendant's assertions a most liberal construction, the charge is wholly without merit and does not tend to charge a denial of due process of law.

■■■ The accused is entitled to a fair trial but not a perfect one. The fact that counsel did not offer certain evidence, cross-examine witnesses in the manner defendant desired, or make certain objections, is not a denial of due process of law. These are matters normally within the realm of counsel's judgment and do not constitute allegations of ineffectiveness entitling defendant to relief under Rule 27.26. State v. Warren, Mo., 321 S.W.2d 705, 709; Mitchell v. United States, 104 U.S.App.D.C. 57, 259 F.2d 787, 789[1, 2]; 16A C.J.S. Constitutional Law § 591, p. 675.

The final three points are also related. In connection with them, the defendant makes this revealing statement: "Petitioner makes no complaint on the ground he was charged with a greater offense but found guilty of a lesser one; but on the ground that all the testimony at trial adduced no evidence nor testimony supporting nothing except self-defense." At best the complaints in this category could amount to nothing more than trial errors. In general he asserts that perjurious testimony was knowingly used by the prosecutor, that the state did not establish a motive, and that the state's witnesses practiced a fraud upon the court and the jury, but his factual allegations do not support his conclusions. As to the perjury charge, defendant asserts that state's witnesses Clarence Steawart and Nora Taylor testified that the defendant stabbed Leroy Hamilton five or six times, whereas the coroner testified that he found only two stab wounds, one of which caused death. The fraud alleged to have been practiced was that Nora Taylor was not a cousin of Clarence Steawart and not the wife of Leroy Hamilton. The defendant in the course of his brief invites the court to take judicial notice that the testimony complained of is "perjurious and conflicting".

Testimonial conflicts of this sort do not tend to establish perjury or that the prosecutor had any more knowledge of these understandable discrepancies in the number of stab wounds or in the kinship and marital status of Nora Taylor than anyone else in the courtroom. See State v. Ninemires, Mo., 306 S.W.2d 527, 531[9, 10]. Other matters complained of in this category were that the defendant's counsel failed to object to the prosecutor's question of whether a witness saw "Earl Turner the day he murdered Hamilton", that one witness testified there were people drinking in defendant's room while others denied it, and perhaps other assertions of a similar sort which are difficult to ascertain accurately because the motion is often vague and indefinite. Also, it is not clear whether some of these matters occurred at the trial in the circuit court or at the preliminary examination before the magistrate.

■■ The matters complained of in this category are at best errors of law which do not go to the jurisdiction of the trial court. They are not within the purview of a motion to vacate under Rule 27.26. It is not the object of this rule or the intent of the courts applying it to afford the defendant a belated review as on a motion for a new trial. State v. Johnstone, Mo., 350 S.W.2d 774, 777[4]; State v. Eaton, Mo., 280 S.W.2d 63; Sunal v. Large, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982; United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 249, 98 L.Ed. 248.

■■ The punishment assessed by the jury and pronounced by the court was within the limits provided by law. Section 559.-030, RSMo 1959, V.A.M.S. We have considered all of the defendant's contentions and find them without merit.

The judgment is affirmed.

All of the Judges concur.