STATE of Missouri, Respondent,

v.

Dominick GAGALLARRITTI, a/k/a Richard Laverne, a/k/a Leslie Neslund, Appellant.

No. 50194.

Supreme Court of Missouri,

Division No. 2.

March 9, 1964.

Opinion Modified on Court's Own Motion April 13, 1964.

Motion for Rehearing or for Transfer to Court En Banc Denied April 13, 1964.

Murry L. Randall and Lawrence Lee, St. Louis, for appellant.

Thomas F. Eagleton, Atty. Gen., Robert R. Northcutt, Asst. Atty. Gen., Jefferson City, for respondent.

HENRY J. WESTHUES, Special Commissioner.

On March 21, 1963, Dominick Gagallarritti was convicted by a jury on a charge of obtaining money and merchandise by the use of a check drawn on a bank in which he knew he had no funds. The information alleged that defendant had pre-viously been convicted of a felony. The trial court held a hearing and found that defendant had been previously convicted and pursuant to Section 556.280, V.A.M.S., as amended in 1959, the trial court fixed defendant's punishment at four years' imprisonment. After a motion for new trial was overruled, defendant was accorded allocution and was duly sentenced. From the judgment entered, defendant appealed.

We shall hereinafter refer to the appellant Dominick Gagallarritti as defendant.

The State's evidence shows the following to have occurred. Raymond J. Geiger operated a Bootery at 2515 Woodson Road, Overland, St. Louis County, Missouri. Wilbur Leipziger was employed there as a salesman. According to the evidence of the owner and the salesman, given at the trial, the defendant entered the store on December 6, 1962, and purchased a pair of shoes and three pairs of socks; that he tendered a check in the sum of $35.00 bearing the signature of Dominick Gagallarritti. Geiger accepted the check in payment of the merchandise and defendant was given about $9.00 in cash as change. Oliver J. Herpel, cashier of the Delmar Bank of University City, Missouri, on which bank the check was drawn, testified that there was not nor had there ever been before or after December 6, 1962, an account at that bank under the name of Dominick Gagallarritti. Geiger and Leipziger each testified that the defendant was the person who obtained the goods and cash for the check in question. They were cross-examined and testified that they saw defendant fill out the check but were uncertain that defendant signed the check while in the store.

After the check was returned to the Bootery marked "No Account," the police were notified and the defendant was arrested and this prosecution followed.

In one of the assignments of error, the defendant states that the evidence was insufficient to sustain a verdict of guilty. He urges that "there was no proof that the

check was drawn in the defendant's name or that, in passing the check, he purported to draw it on his own account." It is true that the evidence disclosed defendant had used other names. However, two witnesses identified the defendant as having presented the check signed by the name of Dominick Gagallarritti. Defendant called only one witness in his own behalf, Raymond Poeschel, a police officer. Note his evidence on direct examination:

"Q And at your request or through the office, did you have occasion to request the arrest in the City for an individual known as Dominick Gagallarritti?

"A Yes, sir, I did.

"Q All right. Now, did you have an occasion at a later date in your Overland police station to interview the man who is seated behind me?

"A Yes, sir, I did.

"Q Did he at any time indicate to you what his name was?

"A Yes, sir.

"Q What was that?

"A Dominick—excuse the pronunciation, Gagallarritti."

■ We rule the evidence as outlined above sufficient to sustain a verdict of guilty.

At the time of allocution, the court said to the defendant, "You are Dominick Gagallarritti?" His answer was, "Yes, sir, your Honor."

Later, defendant applied for and was granted permission to appeal as a poor person. The court held a hearing on this application and the defendant testified. As to his name, the following occurred while defendant's attorney was asking the questions:

"Q State your name, please.

"A My legal name is Richard Love Duane, Jr.

"Q And are you known as Dominick Gagallarritti?

"A That is my family name, but I stopped using it when I was seven years old.

"Q Are you the defendant in the case State of Missouri versus Dominick Gagallarritti, No. 251244?

"A Yes, I am."

■ The matters occurring after verdict may not be considered on the question of the sufficiency of the evidence and we have called attention to them merely to demonstrate the lack of merit in the contention that defendant was not the person whose name appeared on the check.

What we have said on the question of the sufficiency of the evidence disposes of the contention that the giving of instruction No. 1 was error. Defendant's complaint as to this instruction, as stated in his assignment of error No. 3, is that the court "further erred in giving Instruction No. 1 as it gave the jury the right to roam, speculate and guess as to the identity of the defendant and to guess as to his guilt."

■ Defendant contends that the jury and not the trial judge should have determined the punishment; this, for the reason that "The court erred in admitting State's Exhibits 1–5 as proof of identity of prior convictions; the evidence was insufficient to prove such identity; * * *." The exhibits referred to were records which showed two convictions of Richard Laverne on two felony charges in the State of Minnesota. It was shown that fingerprints of Richard Laverne and those of defendant Dominick Gagallarritti were identical. Defendant cited the case of State v. Hagerman, Mo., 244 S.W.2d 49, l. c. 53 (10–12), as authority in support of his contention. The opinion in that case is authority against defendant's contention. See also 24B C.J.S.

Criminal Law § 1962, p. 480. The point is ruled against the defendant.

Assignment of error No. 1 in defendant's brief reads: "The defendant was not represented by counsel at his preliminary hearing in violation of his rights under the Sixth Amendment to the U. S. Constitution, requiring reversal of this case." Defendant says that this is so even if no showing of prejudice was made. We are of the opinion that such a statement is too broad. The cases relied on are Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114, and White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193.

In the Hamilton case, the defendant was prosecuted by an indictment. At the time of arraignment, before trial, he was not represented by counsel. The U. S. Supreme Court noted that under Alabama law a defendant to avail himself of the defense of insanity must enter such a plea at the time of arraignment or it is lost; that the same is true of a plea in abatement and objections to the improper drawing of the grand jury. The court commented, "Whatever may be the function and importance of arraignment in other jurisdictions, we have said enough to show that in Alabama it is a critical stage in a criminal proceeding. What happens there may affect the whole trial. Available defenses may be as irretrievably lost, if not then and there asserted, * * *." 82 S.Ct. 158, 159 (4, 5).

In White v. Maryland, supra, the defendant was not represented by counsel at his preliminary hearing. At that hearing, the defendant entered a plea of guilty. At the trial of his case, the State introduced as evidence of guilt the plea of guilty made at the preliminary hearing. In the U. S. Supreme Court, the State of Maryland contended that a defendant need not enter a plea at a preliminary hearing. It was argued that in the State of Alabama a defendant was required to enter a plea at the time of arraignment which was a critical stage of the case where certain rights may be lost, which was not the case at a pre-

liminary hearing under Maryland law. The U. S. Supreme Court, in answer to this contention, said, "Whatever may be the normal function of the 'preliminary hearing' under Maryland law, it was in this case as 'critical' a stage as arraignment under Alabama law. For petitioner entered a plea before the magistrate and that plea was taken at a time when he had no counsel." 83 S.Ct. 1051(2). As we view the two cases, that is, the case of Hamilton v. Alabama and White v. Maryland, the U. S. Supreme Court held that Hamilton lost certain rights by not having asserted them at the time of arraignment, and that White's plea of guilty was used against him at the trial. In such circumstances, the court held that a showing of prejudice need not be made. Had Hamilton had counsel at the time of arraignment, a plea of insanity or other rights might not have been lost. The same with White: He might not have entered a plea of guilty at his preliminary hearing if he had been represented by counsel.

The facts in the case before us are quite different. The defendant lost no right and the State gained no advantage by anything that occurred at the preliminary hearing. There is a complete vacuum in the record of the trial in the circuit court concerning the preliminary hearing. In fact, no mention was made thereof directly or indirectly. The failure to be represented by counsel was not noted until the case was briefed on appeal. It was necessary to order a supplementary transcript, at defendant's request, to show that a preliminary hearing had been waived by the defendant. The record in this case, in so far as the preliminary hearing is concerned, contains no occurrence or fact upon which to base prejudice or non prejudice.

Defendant was represented by counsel long prior to his trial. When the case was called, the defendant as well as the State answered ready for trial. We rule that the U. S. Supreme Court cases of Hamilton v. Alabama and White v. Maryland, supra, do not rule this case.

Assignments of error Nos. 2 and 4 concern the same subject matter and we shall treat them together. In No. 2, defendant states that the trial court erred in admitting in evidence a pair of shoes and a checkbook because they were obtained by an illegal search and seizure. In No. 4, defendant complains because the trial court refused to permit the defendant to introduce in evidence certain cards that were in the checkbook and which had not been noticed by either the State or the defendant until the final argument to the jury by the State's attorney.

The shoes and checkbook were obtained in the following manner. Defendant was arrested on December 20, 1962, by a St. Louis police officer named McCarty. The officer found defendant in Room 109 at the Windsor Hotel in St. Louis, Missouri. The next day, the police returned to the hotel and obtained from a storeroom in the hotel a pair of men's shoes and a checkbook. The checkbook contained checks signed Dominick Gagallarritti. The checks were on the Delmar Bank of University City, Missouri. The shoes were identified as those sold to the defendant on December 6, 1962, by the Bootery.

■ The question of unlawful search and seizure was not mentioned during the trial nor in the motion for a new trial. Defendant having failed to preserve his point at the trial is in no position to complain on appeal. Supreme Court Rule 33.03, V.A.M.R.; State v. Campbell, Mo., 262 S.W.2d 5, l. c. 6(2); 24 C.J.S. Criminal Law § 1669, p. 1050.

The matter complained of in assignment No. 4 occurred during the argument to the jury by the State's attorney. While the prosecutor was arguing, he picked up the checkbook and three cards fell on the table. Defense counsel picked them up and then immediately interrupted the proceedings and asked the court that he might reopen the case and offer these items in evidence. Apparently neither counsel had noticed the cards prior to that time. The cards had

no relation to any issue in the case except one social security card bearing the name of Dominick Rocky Gagallarritti and bearing a signature Dominick R. Gagallarritti. The trial court refused defendant's request to reopen the case and over defendant's objection withdrew the cards from further consideration. The jurors were not permitted to see the cards.

When the court asked counsel what the purpose of showing these cards to the jury was, he answered, "To further identify there is a Gagallarritti with that name."

■ Reopening a case for the purpose of introducing new evidence rests within the sound discretion of the trial court and if not abused, his action will be approved. 88 C.J.S. Trial § 104, pp. 217–220; Landau v. Laughren, Mo., 357 S.W.2d 74, l. c. 81, 82 (3, 4); State v. Highfill, Mo., 165 S.W.2d 642.

■ Apparently the evidence of the social security card would support the State's theory that the defendant was in fact Dominick Gagallarritti. We do not see how that evidence would have benefitted the defendant.

We have examined the record and have reviewed and considered all points briefed and have found no reversible error therein.

Counsel appearing for the defendant in this court did not participate in any of the proceedings in the trial court. At the request of this court, the trial court appointed present counsel to brief and present the case on appeal.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion by HENRY J. WESTHUES, Special Commissioner, is adopted as the opinion of the Court.

All of the Judges concur.