**STATE of Missouri, Respondent,**

v.

**Jesse STATLER, Appellant.**

**No. 50082.**

Supreme Court of Missouri,

Division No. 2.

Oct. 12, 1964.

Motions for Rehearing by the Court En Banc Denied Nov. 9, 1964.

Thomas F. Eagleton, Atty. Gen., Louis C. DeFeo, Jr., Asst. Atty. Gen., Jefferson City, for respondent.

Jesse Statler, appellant pro se.

EAGER, Judge.

This appeal has reached us through a devious and unsatisfactory course. It involves a ruling denying a motion under Rule 27.26, V.A.M.R. to vacate a judgment and sentence, without an evidentiary hearing. Motions for a reconsideration and for a new trial were denied. This Court granted leave to file notice of appeal out of time. The notice of appeal, previously filed but far out of time absent the order, constitutes a most inartistic attempt to appeal from the order in question, but again we indulge in perhaps too great a liberality and consider the appeal, brought here in forma pauperis.

This petitioner was convicted by a jury of sodomy with a thirteen-year-old boy; upon a finding of prior convictions he was sentenced to a term of ten years in the penitentiary. The verdict was returned on September 17, 1958, and the petitioner was sentenced on January 9, 1959. The judgment was affirmed here on appeal. State v. Statler, Mo., 331 S.W.2d 526. The principal questions adjudicated on the appeal were (1) the validity of the trial court's ruling that the boy in question, then fourteen years of age and of a somewhat retarded mentality, was competent to testify; (2) the correctness of the submission to the jury of evidence of an oral confession, and of the adjudication by verdict and judgment that the confession to police officers was voluntarily given; and (3) the sufficiency of the evidence. On each of the first two questions a preliminary hearing was conducted by the Court and the relevant evidence fully heard. The oral confession was held admissible after hearing testimony from the police officers involved. The defendant insisted that he had never made the confession, but claimed further (at least in his motion for new trial) that if it were made, it was induced by a promise of leniency. Since no brief was filed on the appeal, this Court considered the assignments of the motion. The actions of the trial court were affirmed in all particulars; this Court specially noted that it was proper "to leave the issue of voluntariness (of the confession) to the jury 'on the totality of the circumstances,'" and found that there was substantial evidence to support a finding of voluntariness. No complaint was made of the manner in which the issue was submitted to the jury. At the trial the only substantive evidence, aside from the confession, came from the boy involved (whose name was withheld upon appeal because of the nature of the case) and from a boy companion, "Tommy." It is obvious that if the boy's father testified at all his evidence was merely incidental.

On November 27, 1962, the defendant (and we shall refer to him as such) filed in the Circuit Court of the City of St. Louis, with leave to file in forma pauperis, his present motion to vacate the judgment and

sentence. This was denied on December 20, 1962. In that motion defendant alleged in substance: that the *information* should be quashed because of facts subsequently discovered; more specifically, that it was based on statements made by Thomas Coleman, Sr. (the boy's father) who had no actual knowledge of the crime, but relied on hearsay; that defendant is innocent and that his conviction was based on false testimony; that the prosecution was caused by a "conspiracy" of Thomas Coleman, Sr. to extort money from defendant; that the said Coleman made an effort in July 1960 to call the warden of the penitentiary to tell him that defendant had been convicted on false testimony and "framed." The record shows that the information was sworn to by the Assistant Circuit Attorney.

Six documents purporting to be affidavits or copies of affidavits were attached to the motion. Four of these are marked in the transcript as "a copy of original affidavit in possession of petitioner." We cannot tell if any of them were actually originals, but in the view we take this makes no material difference. The after-trial motions and defendant's pro se briefs here (both of which briefs have been considered) raise the contention that he was denied due process because he was granted no evidentiary hearing on his motion.

The affidavit of Thomas Coleman, Sr. (father of the boy) states, under date of August 5, 1961, that he was a witness in defendant's case; that prior to defendant's arrest he had been "misinformed as to the events," and that upon the strength of this false information defendant was arrested and convicted; that he had since had "many confidential talks" with his son and that he was *"thoroughly convinced"* that the crime did not take place; also, that he and his son would appear and testify. One Joseph LaChance stated in an affidavit of May 10, 1961, that in July 1960 he heard Thomas Coleman, Sr. state, in a group of people, that the testimony on which defendant was convicted "was of a perjured and false nature," and that if defendant would

pay him $200 he would testify to such fact. Affidavits of Elmer LaChance, William Sprouse and Will Jones were to precisely the same effect. The affidavit of Claude Warren was substantially identical, varying in no material particular.

■ Defendant seeks in his motion to have the "information" quashed because based on statements made by one (Coleman) who had no actual knowledge. The verification of the information by a prosecuting attorney may be upon information and belief, as this one is. Section 545.240, RSMo 1959, V.A.M.S. It is only where the information is supported by the affidavit of a private individual that such person must have actual knowledge of the offense; where the prosecutor verifies the information it may be based "upon such information as he may feel warranted in believing and relying upon." State v. Stewart, 274 Mo. 649, 204 S.W. 10, 12, and cases there cited. The point is wholly without merit.

The sole remaining point of the motion, when analyzed, is that defendant is innocent and that he was convicted on false testimony, which in turn was induced by a desire, or "conspiracy," to extort money from him. Defendant relies upon the "affidavits" not only to prove these allegations, but to force an evidentiary hearing. In the briefs filed here defendant adds the further (and new) contention that the oral confession received in evidence was involuntarily made, if made at all, and that its admission constituted a fundamental error depriving him of due process.

The sole question in this matter is whether defendant has stated (by affidavit or otherwise) any *facts* which raise a bona fide issue as to the constitutional validity of his trial. If "the files and records of the case show to the satisfaction of the court that the prisoner is entitled to no relief," the Court may deny the motion without an evidentiary hearing. Rule 27.26. The deluge of such motions now being filed, many

of which are wholly without merit, attests to the wisdom of the quoted provision.

█ It has been held universally that the allegation of mere conclusions presents no fact issue requiring a hearing in these matters. State v. Rutledge, Mo., 317 S.W. 2d 365; State v. Ninemires, Mo., 306 S.W. 2d 527; State v. Cerny, 365 Mo. 732, 286 S.W.2d 804; Taylor v. United States (C.A. 8), 229 F.2d 826. When we analyze the affidavits proffered in this case (assuming that they are such) we merely find that the boy's father, claiming no personal knowledge whatever of the events, states that he was "misinformed" by his son's young companion, that upon such misinformation defendant was prosecuted, and that, through subsequent talks with his son, he had become *convinced* that the crime did not take place. These statements consist of rank conclusions and personal opinions; moreover, the opinions and conclusions so stated are necessarily based on hearsay. That affidavit, made nearly *three years after trial,* can be of no possible legal effect here, and the statements made in it would be inadmissible if offered in evidence. The other affidavits merely state, repetitiously, that the respective affiants heard Coleman state, nearly two years after the trial, that the testimony in the case was perjured and false, and that for $200 he would so testify. These merely add another hearsay link to the prior hearsay and conclusions. Coleman was not on trial, and such hearsay statements could not possibly be admissible. It is significant that there is no affidavit from the boy directly involved or from his companion. These two were the only witnesses who testified concerning the actual occurrence, and they are the only persons (aside from defendant) who could have actual knowledge. Neither the affidavits nor defendant's motion state *facts* which create an issue concerning the use of perjury (which implies knowledge or wilfulness) or even the use of false testimony. The affidavit of Coleman is very similar to the one presented in State v. Rutledge, Mo., 317 S.W.2d 365, where the mother of the boy

involved, with no personal knowledge, stated that she had *"realized"* later that the boy's testimony had been prompted by a misunderstanding and by pressure.

█ Not only are these affidavits purely conclusional, but no facts whatever are shown to indicate that the State knowingly used false testimony, or knowingly failed to correct testimony which it knew to be false. Such a showing is required to justify the vacating of a judgment claimed to have been procured by false testimony. This principle has been clearly announced. State v. Eaton, Mo., 280 S.W.2d 63; State v. Eaton, Mo., 302 S.W.2d 866, cert. denied 355 U.S. 912, 78 S.Ct. 338, 2 L.Ed.2d 273; State v. Turner, Mo., 353 S.W.2d 602; State v. Ninemires, Mo., 306 S.W.2d 527; Holt v. United States (C.A. 8), 303 F.2d 791; Taylor v. United States (C.A. 8), 229 F.2d 826. It is also recognized in Alcorta v. Texas, 355 U.S. 28, 78 S.Ct. 103, 2 L.Ed. 2d 9, and the recent case of Napue v. Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217, both of which are cited by defendant here, in the latter of which the prosecutor was found to have knowingly used and failed to correct false testimony. This phase of the rule requires a prosecutor who knows *at the trial* that material false testimony has come in on behalf of the State to correct it then and there. No such element is claimed here. If anyone was put on notice of the possibility of false testimony (which seems a very remote possibility here) at defendant's trial, it was defendant himself, who alleges a scheme of Coleman to extort $200 from him in lieu of a prosecution. If defendant knew of any such scheme it would certainly have been incumbent upon him to so advise his counsel, and to develop all the facts fully *at the trial.* See Taylor v. United States (C.A. 8), 229 F.2d 826.

██ It has universally been held that the procedure under such a motion as this may not be used as a substitute for an appeal, or as a motion for new trial, or as a second appeal. State v. Hecke, Mo., 328

S.W.2d 41; State v. Thompson, Mo., 324 S.W.2d 133; State v. King, Mo., 380 S.W. 2d 370; State v. Turner, Mo., 353 S.W.2d 602; Taylor v. United States (C.A. 8), 229 F.2d 826; Holt v. United States (C.A. 8), 303 F.2d 791; nor can the *guilt* of the defendant be determined upon such a motion. State v. Thompson, Mo., 324 S.W.2d 133. And see the recent case of Townsend v. Sain, 372 U.S. 293, loc. cit. 317, 83 S.Ct. 745, 9 L.Ed.2d 770, cited by defendant on other points, where even the elaborate majority opinion (of a 5–4 decision) recognized that there need be no subsequent and collateral hearing if the defendant had received a "full and fair evidentiary hearing" at his trial. The sole purpose of a motion like the present one is to determine whether defendant's original trial was violative of any constitutional requirements or if the judgment was otherwise void. We hold here that defendant was not entitled to a hearing on his motion by reason of any purported showing of "false testimony."

■ Defendant now injects into this appeal the contention that his oral confession was involuntary and that it was thus illegally admitted; no such allegations were made in his motion. We have grave doubts of our duty to consider such a point which was never presented to the trial court in this proceeding (Johnston v. United States (C.A. 8), 254 F.2d 239; York v. United States (C.A. 8), 167 F.2d 847), but with some reluctance we do so. This contention rests upon bare assertions in defendant's briefs (not in his motion or in affidavits) of interrogation without counsel, of the fact that he was given a lie detector test, and that it was not "proven" that he was advised of his rights. He cites certain federal cases, such as Brown v. Mississippi, 297 U.S. 278, 56 S.Ct. 461, 80 L.Ed. 682; Blackburn v. Alabama, 361 U.S. 199, 80 S.Ct. 274, 4 L.Ed.2d 242; Reck v. Pate, 367 U.S. 433, 81 S.Ct. 1541, 6 L.Ed.2d 948; and Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, *holding* generally that the admission of an involuntary confession is a fundamental

error depriving a defendant of due process. It is not necessary to discuss or distinguish those cases here, and we fully recognize the principle. If this defendant received a full and fair hearing on his claims of the involuntariness of the confession at the trial, then the question cannot be relitigated in a collateral proceeding such as this is.

■ At defendant's trial one of the principal issues contested and determined was that of the voluntariness of defendant's oral confession. All questions then raised concerning its validity were adjudicated. Certainly defendant then knew as much about the facts and circumstances of his confession as he knows now, if not more. He was represented by counsel, of whom there has been no complaint. The issue was fully considered again upon the appeal here and the rulings were affirmed. State v. Statler, Mo., 331 S.W.2d 526. Issues which have once been fully adjudicated do not constitute grounds for collateral attack. State v. Morton, Mo., 349 S.W.2d 914; State v. Thompson, Mo., 324 S.W.2d 133; State v. King, Mo., 380 S.W.2d 370. The voluntary nature of the confession has been adjudicated after a full and fair hearing.

Defendant states in his reply brief that while he does not know that the agents of the State knew of any false evidence "such a possibility does exist"; also, that one purpose of a hearing would be to ascertain who conspired to produce a "false conviction" *if* such a conspiracy did exist. It is obvious that defendant seeks a further hearing in order to conduct a fishing expedition. Assuredly, something more must be shown to justify us in vacating a solemn judgment, rendered after a full and fair trial, and affirmed upon a most conscientious review of the record.

Finding no merit in defendant's contentions, the judgment and order of the trial court denying petitioner's motion to set aside the judgment and sentence is affirmed.

All of the Judges concur.