STATE of Missouri, Respondent,

v.

Earl Vandyne WORLEY, Appellant.

No. 50842.

Supreme Court of Missouri,

Division No. 2.

Nov. 9, 1964.

Thomas F. Eagleton, Atty. Gen., George W. Draper, II, Asst. Atty. Gen., Jefferson City, for respondent.

Earl Vandyne Worley, appellant, pro se.

EAGER, Judge.

On October 19, 1962, defendant was found guilty by a jury of illegal possession of a narcotic drug. Upon a finding by the Court of prior felony convictions, he was sentenced to imprisonment for a term of ten years. The judgment was affirmed upon appeal, the opinion of this Court appearing at 375 S.W.2d 44. On or about May 1, 1964, defendant filed in the Circuit Court his motion to vacate the judgment and sentence, pursuant to our Rule 27.26, V.A.M.R. On May 7, 1964, this motion was denied in an order which will be referred to later. The present appeal is from that order.

By reference to our prior opinion it will be seen that the arresting officer, attracted by suspicious actions of the defendant, ordered five men out of a car, questioned them briefly, and then noticed a "small brown paper package" on the floor in front of the rear seat of the car; the officer picked it up and asked "to whom it belonged." This officer testified at the trial that defendant said that "it was his" and that he had bought the contents earlier that evening; thereupon he was arrested. The contents proved to be marijuana. Defendant offered no evidence at the trial. The principal questions decided were that the circumstances constituted sufficient evidence of the corpus delicti to justify the admission of defendant's statements, and that these, together with his statements, warranted an inference of possession and supported such a finding. Defendant was represented both at the trial and on appeal by competent appointed counsel, and a brief was filed here on his behalf.

We quote in full the points submitted by defendant in his motion to vacate: "(1) The trial and conviction of this movant was based on a perjured testimony knowingly procured by the prosecuting attorney. (2) Movant was denied the right to have witnesses in his favor. (3) Movant was denied the right to councel at his preliminary hearing. (4) Movant was arrested and detained over twenty (20) hours without a warrent being issued. (5) Prejudice jurors were also used to obtain a conviction against this movant, the same being a relative to the prosecuting attorney." In his pro se brief filed here defendant alludes to other matters, to which, in so far as they may constitute actual statements of fact, we shall refer.

■ As stated in the case of State v. Statler, Mo., 383 S.W.2d 534, opinion filed October 12, 1964, we recognize that a judgment obtained by the knowing use of perjured testimony should be vacated upon a proper factual showing, but not upon the statement of mere conclusions. The applicable authorities were cited in that opinion. There would be no point in discussing the cases which defendant now cites, supposedly in support of that rule. The rule also applies where the State, knowing *at the trial* that material false testimony has come in, fails to correct it. Statler, supra. In the present case defendant states that the arresting officer, Fred Abernathy, testified at his preliminary hearing that he found the package on the ground *under* the car;

further, that the transcripts of the preliminary hearing and of the trial "will substantiate" the allegation. In his brief here defendant also asserts that at the preliminary hearing the officer did not mention any admissions made by the defendant. In the order of the trial court denying this motion (without hearing evidence) the following appears: " * * * the movant states in the application 'the transcript of movants preliminary hearing and the transcript of movants trial will substantiate each and every word of the foregoing allegation and will prove that movant was convicted solely on perjured testimony; and that such testimony was procured knowingly by the prosecuting attorney.' This allegation shows on its face that it's based upon and sought to be proven by the transcript of the records in the preliminary trial and the Circuit Court trial and is not based upon or sought to be proven by any proof outside such transcripts that will be introduced. An examination of these transcripts does not prove or show that the Prosecuting Attorney knowingly used any perjured testimony, or suborned any perjured testimony, or suppressed any testimony in the trial of this cause. * * * In the Eaton case the application showed that the proof of the use of such perjured testimony by the Prosecuting Attorney was to be shown by matters not of record; here the defendant states and shows in his application that he seeks to do it by the transcripts which do not show it." This order is the equivalent of a finding by the Circuit Court adverse to the assertions of perjury. We so treat it, and the assignment is denied.

■ The allegation that defendant was denied the right to have witnesses in his favor is elaborated by statements in the argument that defendant supposedly asked his counsel to subpoena the four men who were with him at the time of his arrest and that counsel declined to do so. No action or refusal of the trial court was involved. We decline to rule such a contention by speculating upon the reasons in counsel's mind, and, so long as counsel was competent, we shall not "second-guess" his decisions.

There is a rather nebulous statement in the brief that defendant asked a different judge at a "pre-trial" conference (the holding of which is at least questionable) to "assist him in obtaining witnesses for his defense" and that the judge agreed to do so. Such statements, even if true, would be insufficient to invalidate the judgment where defendant was then and thereafter at all times represented by counsel, upon whom the burden rested to procure those witnesses whom he deemed it advisable to use. A "pre-trial" judge need not act as defendant's co-counsel.

■ With this contention there is also presented an argument (in the brief) that defendant was not allowed to "offer evidence;" in that the trial court "unofficially" advised him not to take the witness stand. We have examined the original transcript and find the following: defendant's trial counsel, having advised defendant that in his judgment he (defendant) should not testify, and having met with apparent opposition, placed the defendant on the witness stand under oath, out of the presence of the jury; he there repeated his advice with reasons, and defendant first insisted that he wanted to testify, but then relented somewhat; the Court merely informed defendant that he had the right to testify if he wished, but that he knew defendant's counsel and felt that it would be better to follow his advice; and, finally, that he might do precisely as he pleased. It is obvious from this record that defendant's decision not to testify was his own.

■■ Defendant complains that he had no counsel at his preliminary hearing. In the recent case of State v. Gagallarritti, Mo., 377 S.W.2d 298, after discussing the applicable federal cases, this court held that under our practice (contrary to the procedure in Alabama and Maryland) no prejudice had resulted to defendant by the waiver of a preliminary hearing, without counsel,

and that nothing resulting from that action had been used at the trial against him. There the point had been raised at the trial; here it has not been raised until two years later on an after-trial motion. See also State v. Turner, Mo., 353 S.W.2d 602. The only function of a preliminary hearing in Missouri is to determine probable cause. Defendant here waived no rights, and he lost nothing. The cases of Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114, and White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193, are distinguishable upon the grounds stated in Gagallarritti, supra. Following the preliminary, defendant pleaded not guilty at his arraignment, counsel was appointed and he preserved his full rights to a trial completely unhampered by any waivers or admissions.

■■ The contention that the judgment is void because defendant was detained for more than twenty hours "without a warrent being issued," is without merit. The point has frequently been raised as bearing upon the alleged involuntariness of a confession and it is held that such detention does not, per se, invalidate a confession. State v. Bridges, Mo., 349 S.W.2d 214, loc. cit. 218, and cases cited; State v. Goacher, Mo., 376 S.W.2d 97, 103. Here we have no question of the validity of a confession. If defendant wished to attack the validity of his arrest and detention generally, he should have done so by appropriate proceedings prior to or at trial, and certainly it is not shown how this question could possibly have affected the fairness of his trial. State v. Bryant, Mo., 375 S.W.2d 122, 125. The point, generally, was ruled adversely to defendant's contention in State v. Worley, Mo., 371 S.W.2d 221, loc. cit. 222.

■■ An argument is made to the effect that defendant was prejudiced because some juror was a cousin (neither name nor degree of relationship stated) of the wife of the Assistant Prosecuting (Circuit) Attorney; this would be, at most, a matter of trial error which should and must be raised by motion for new trial and appeal. In neither was this matter even mentioned. It is not the function of a motion such as this to operate as a motion for new trial or as a second appeal. State v. Hecke, Mo., 328 S.W.2d 41; State v. Thompson, Mo., 324 S.W.2d 133; State v. King, Mo., 380 S.W.2d 370; State v. Turner, Mo., 353 S.W.2d 602; Taylor v. United States (CA 8), 229 F.2d 826; Holt v. United States (CA 8), 303 F.2d 791; nor can the *guilt* of the defendant be determined upon such a motion. State v. Thompson, Mo., 324 S.W.2d 133. The latter principle also precludes consideration of some of the conclusions and generalities urged here by defendant in his brief. The point now suggested that the jury should not have been allowed to separate was, if anything, also a matter of trial error. But we find that the transcript of the trial proceedings shows that the Court asked both counsel if they wanted to keep the jury together and both said "No." Under these circumstances, there could be no possible error.

■■ Defendant seeks to raise now an entirely new point, namely, that the search of the car was illegal, and that the marijuana was illegally admitted in evidence. He indicates that the trial court overruled a motion to suppress but the record does not show this. In any event, that would have been the proper way to raise the point. This contention was not raised on the appeal and the matter is not now one which will support a collateral attack. State v. Howe, Mo., 364 S.W.2d 546. Moreover, the evidence at the trial showed that the car belonged to one of defendant's associates. Defendant now states that this was not proven by a certificate of title. In his counsel's brief on the prior appeal the following was stated: "The automobile in which the narcotic was found did not belong to the defendant but was in fact owned by a Lee Lawrence (T. 37)." One of the officers so testified. Having tried his case on that theory, it ill behooves the defendant to repudiate it now (though such inconsistency is not at all unusual in

proceedings of this type). A defendant is not permitted to raise the question of an illegal search of someone else's property. State v. Green, Mo., 292 S.W.2d 283, and cases cited; State v. Martin, Mo., 347 S.W. 2d 680, 682; State ex rel. Boswell v. Curtis, Mo.App., 334 S.W.2d 757. The constitutional limitations upon search and seizure apply only to the owner or to one in possession of the premises or property.

We have discussed all of the substantive contentions. Under these circumstances, it was not necessary for the trial court to hold an evidentiary hearing and it was justified in ruling that from "the motion and the files and records of the case, the defendant was entitled to no relief." Rule 27.26.

The order and judgment are affirmed.

All of the Judges concur.