STATE of Missouri, Respondent,

v.

Roy Lee ENGBERG, alias Walter Johnson, Appellant.

No. 51095.

Supreme Court of Missouri,

Division No. 2.

June 14, 1965.

Motion for Rehearing or for Transfer to Court En Banc Denied July 12, 1965.

Norman H. Anderson, Atty. Gen., Jefferson City, Howard L. McFadden, Asst. Atty. Gen., for respondent.

No appearance for appellant.

EAGER, Presiding Judge.

On May 9, 1963, this defendant was sentenced to a term of life imprisonment for first degree murder in Division No. 8 of the Circuit Court of Jackson County. He had been tried for that crime in February, 1963. On May 10, 1963, the defendant was sentenced in Division No. 9 of that court to a term of twenty years for first degree robbery. He had been tried for that crime in April, 1963. The first judgment was affirmed by this court in an opinion appearing at 376 S.W.2d 150; the second judgment was likewise affirmed in an opinion appearing at 377 S.W.2d 282.

On September 8, 1964, there was filed in Division No. 8 of that court defendant's "Motion to Vacate Sentence and Judgment * * *." In certain respects the motion seems to constitute an attack upon both judgments. We hold that Criminal Rule 27.26, V.A.M.R. does not contemplate any such broadside attack, and that a motion to vacate filed pursuant to that rule must be confined to an attack upon a single judgment and sentence. The wording of the rule clearly indicates this, since it frequently refers to the "sentence" and the "judgment" in the singular. Indeed, endless confusion would be the likely result both in trial and appellate courts if *anything* more should be permitted. The trial court here (Division No. 8) considered this motion as one solely attacking the murder conviction and entered on September 8, 1963, an order which was in part as follows: "This case was tried in this division. The jury found the defendant guilty of Murder in the First Degree, and assessed his punishment at Life Imprisonment. He was represented by competent appointed counsel. After the verdict a Motion For a New Trial was filed. The Motion was overruled. This case was appealed to the Supreme Court and was by the Court affirmed. It was reported in 376 Southwestern, page 150.

"I have examined the Motion To Vacate, and am overruling said Motion without granting the Petitioner a hearing thereon, as the Motion on its face discloses that no claim for relief was stated therein, and the Petition does not state facts which would entitle the Petitioner to vacation or correction of his sentence."

The "Notice to Appeal" filed thereafter contains much surplusage and is argumentative, but it will serve as a sufficient notice of appeal from the order and judgment ruling on the motion to vacate the murder conviction, that being the only matter ruled by the trial court. If the defendant wishes to file a separate motion to vacate the conviction for robbery he may do so. Neither the trial court's ruling nor this opinion precludes him from doing so.

In this motion defendant alleges, in substance, that after his arrest in Denver, Colorado, on a murder warrant from Missouri, he consulted with "his parole officer" and signed a waiver of extradition; that after his return to Kansas City he was interrogated by detectives but that his requests to be allowed to confer with an attorney were ignored; that he later requested the magistrate to appoint counsel for him to protect his rights at the preliminary hearing, this being a capital case, but that the magistrate declined to do so, telling him that he would have counsel in the Circuit Court; that his constitutional rights were thereby violated, and that "there is evidence in the case that would have prevented the prosecution * * *," if he had then had counsel; that the prosecutor "deliberately and willfully suppressed evidence and facts"; that an illegal search and seizure was "committed" by the police at a motel room previously rented by him and that "exhibits" were gathered therefrom, the police entering with the approval of the proprietor; that his conviction of murder was "blindly" affirmed on appeal under the felony-murder doctrine which he says was "fantastic," and with no support in the evidence. Defendant further asserts that he is innocent of the crime. Basically,

defendant seems to rely upon a denial of due process under the federal decisions.

■ Upon the filing of the notice of appeal, the trial court entered an order permitting the appeal in forma pauperis and granting defendant a free transcript. In the lengthy notice of appeal complaint is made that Judge Buzard should have disqualified himself from ruling on the present motion, he having presided at the trial. We disregard the assertion entirely, for no steps whatever were taken to disqualify the judge and normally he would be the proper one to pass upon the motion. In that notice defendant further emphasizes that he is attacking both convictions, but that one of them has been ignored. We have already ruled on that point.

The court offered to appoint counsel for the defendant at his arraignment on July 16, 1962; he first declined the offer and entered pro se a plea of not guilty, but later he relented and counsel was appointed for him on that day. This was approximately seven months before the trial. He was represented both at the trial and on appeal by three attorneys.

We have considered on several occasions, and recently, the contention now made that defendant was denied due process by the failure to appoint counsel for him at the preliminary hearing. In State v. Worley, Mo., 383 S.W.2d 529, at loc. cit. 532–533, we said: "Defendant complains that he had no counsel at his preliminary hearing. In the recent case of State v. Gagallarritti, Mo., 377 S.W.2d 298, after discussing the applicable federal cases, this court held that under our practice (contrary to the procedure in Alabama and Maryland) no prejudice had resulted to defendant by the waiver of a preliminary hearing, without counsel, and that nothing resulting from that action had been used at the trial against him. There the point had been raised at the trial; here it has not been raised until two years later on an after-trial motion. See also State v. Turner, Mo., 353 S.W.2d 602. The only function of a pre-liminary hearing in Missouri is to determine probable cause. Defendant here waived no rights, and he lost nothing. The cases of Hamilton v. [State of] Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114, and White v. [State of] Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193, are distinguishable upon the grounds stated in Gagallarritti, supra. Following the pre-liminary, defendant pleaded not guilty at his arraignment, counsel was appointed and he preserved his full rights to a trial completely unhampered by any waivers or admissions."

■ Even more recently the question has been re-examined in the case of State v. Phelps, Mo., 384 S.W.2d 616, 619–620, where the Court said: "As urged by defendant we have reexamined State v. Turner, Mo., 353 S.W.2d 602 and State v. Gagallarritti, Mo., 377 S.W.2d 298 in the light of Crooker v. [State of] California, 357 U.S. 433, 78 S.Ct. 1287, 2 L.Ed.2d 1448; Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114; Douglas v. [People of State of] California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, and White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193, and we find no reason, including those advanced by defendant, not to adhere to our holdings in Turner and Gagallarritti, supra. Defendant's rights preserved by the Constitution of the United States and the Constitution and laws of Missouri were not violated by the failure to appoint counsel to represent him at his preliminary examination, and we again so hold." In that case a preliminary hearing was held (not waived), as in the present case. We adhere to those rulings, and hold that this defendant was not deprived of due process, or of any other constitutional rights by the failure of the magistrate to appoint counsel for him.

■ The defendant asserts that when he was interrogated by the police he was denied the right to "confer" with counsel. He obviously had not employed counsel then, for he had none at arraignment.

Defendant does not assert that a confession or any detrimental admissions were obtained from him at any time, and in fact he states affirmatively that no confession was made. No facts whatever are stated which, in connection with the interrogation, would have tended to make his subsequent trial unfair because of the absence of counsel. We discussed this question rather fully in the case of State v. Donnell, Mo., 387 S.W.2d 508, 511–512, where, after reviewing the recent federal cases, we determined that the interrogation and detention of the defendant without counsel under such circumstances did not constitute a deprivation of any of his constitutional rights. We so hold here.

An allegation is made that the prosecutor "deliberately and willfully suppressed evidence and facts." The transcript of the trial consisted of 528 pages, much of which was testimony. Not a single fact or supposed fact is stated which is claimed to have been suppressed. Such an allegation is very similar to one asserting merely that a conviction has been obtained by the knowing use of false testimony. We have held that such a statement, without factual allegations, is a mere conclusion and that it raises no factual issue requiring a hearing. State v. Statler, Mo., 383 S.W.2d 534, 536–537; State v. Donnell, Mo., 387 S.W.2d 508, 512. Since defendant was represented by three competent lawyers, and had the right to compulsory process, it is obvious that such a statement averring "suppression" is the rankest of conclusions and raises no factual issue. Statler, Donnell, supra.

Defendant also claims that an illegal search and seizure by the police resulted in the taking of certain unspecified "exhibits" from a motel room which he had previously rented, in violation of his right to "due process." Whatever may be the constitutional right which he presumably seeks thus to invoke, we have held specifically that this is *not* such a matter as may be raised in a collateral attack upon a judgment of conviction. State v. Worley, Mo., 383 S.W.2d 529, 533; State v. Durham, Mo., 386 S.W.2d 360, 362; State v. Howe, Mo., 364 S.W.2d 546, certiorari denied 373 U.S. 943, 83 S.Ct. 1552, 10 L.Ed.2d 698. No such question was raised on defendant's appeal from his murder conviction, 376 S.W.2d 150. The proper place to have raised such a point was in the original criminal proceeding, and the preferable method is by a motion to suppress the evidence. See cases last cited. Merely in passing we note, and not as a ground for this ruling, that this very point *was* raised by motion to suppress evidence in the robbery prosecution and also by objections made during that trial; the motion was denied and the objections were overruled; the question was considered there at some length on the appeal, where it was adjudicated adversely to the defendant. 377 S.W. 2d 282, 285. We do not find from a casual examination of the present trial transcript that any of the articles taken from the motel room were even offered as exhibits in the murder trial.

With reference to defendant's unflattering assertions concerning the affirmance of his conviction in this court, we merely note that the judgment has been affirmed, and that a motion under Rule 27.26 may not be employed for the purpose of a retrial of a defendant's guilt, nor may it constitute a second appeal. State v. Statler, Mo., 383 S.W.2d 537–538; State v. Donnell, Mo., 387 S.W.2d 508, 513; State v. Hagedorn, Mo., 305 S.W.2d 700, 702; State v. Warren, Mo., 344 S.W.2d 85, 87.

We hold that defendant has stated no *facts* which raise a bona fide issue as to the constitutional validity of his trial; hence, the trial court properly denied the motion from a consideration of the files and the records and the motion itself, without the necessity of an evidentiary hearing.

The judgment is affirmed.

All of the Judges concur.