STATE of Missouri, Respondent,

v.

Josephus KEEBLE, Appellant.

No. 51315.

Supreme Court of Missouri,
Division No. 2.

Feb. 14, 1966.

Norman H. Anderson, Atty. Gen., John Denman, Asst. Atty. Gen., Jefferson City, for respondent.

Stanley R. Schuchat, St. Louis, for appellant.

EAGER, Judge.

This appeal is one from an order overruling a motion to vacate a judgment and sentence entered in June, 1961. No evidence was heard. The movant, whom we

shall call the defendant, was charged by information with first degree murder; he was thereafter found guilty by a jury of second degree murder and was sentenced to serve a term of 25 years. No appeal was taken from that conviction, hence we have no trial transcript or record. The State has filed a motion asking the court to supplement the transcript by bringing here under Rule 82.12(c) a supposed waiver of preliminary hearing and certain minutes showing the entries of appearance by counsel. Defendant has countered with a motion to bring up much of the trial evidence. Both motions, having been taken with the case, are now overruled. Except in unusual circumstances, we consider these matters upon the record made upon the motion in the trial court. In all those cases where appeals have been prosecuted we have the full trial record in our transcript, of which we take judicial notice.

The present motion was filed on December 21, 1964. On December 24, 1964, the trial court having "duly considered" the motion, overruled it. Defendant's original attempt to appeal from that order was late, but this court granted him leave to appeal out of time by its special order under date of February 8, 1965. Thereafter the trial court granted defendant leave to appeal as a poor person.

The essential allegations of defendant's motion are: (1) that he was denied the right to a preliminary hearing; (2) that the names of certain witnesses used by the State were not endorsed on the information as required by law; (3) that he was held for over 20 hours without bail, without the use of a telephone, and without having the services of counsel; and (4) that he did not have effective assistance of counsel. Upon these allegations he asserts that he was denied due process.

■ We need not belabor the point that the trial court may deny such a motion without hearing evidence when it is satisfied from "the files and records of the case" that the defendant is entitled to no relief. Rule 27.26; State v. King, Mo., 380 S.W.2d 370; State v. Statler, Mo., 383 S.W. 2d 534; State v. Small, Mo., 386 S.W.2d 379. In the present case the trial court filed a memorandum opinion in which it considered various features of the trial and after-trial proceedings, referring not only to the files and records but to its notes. It would have been preferable for the court to include within its order of record such finding as it made from the files and records, but we have determined that we may and should consider the court's findings from the actual files and records, as included in its opinion. We shall not consider its references to its own notes or to the evidence. In so doing we consider, in part, the fact that we have held that such motions as this (like habeas corpus) are in the nature of civil proceedings rather than criminal, State v. Warren, Mo., 344 S.W.2d 88; State v. Smith, Mo., 324 S.W.2d 707; State v. King, Mo., 380 S.W.2d 370. Under Civil Rule 73.01 it would seem permissible for the court to include its findings in an opinion, even without request. We are moved here primarily by the fact that the court has actually made findings from the files and records and that, whatever the precise form, it would be wholly inappropriate to ignore them. We note also at this point that the trial court is not required to accept as true allegations in such a motion as this if the files and records show them to be untrue. State v. Harris, Mo., 382 S.W.2d 642.

■ Defendant's first complaint, as stated, is that he was accorded no preliminary hearing. We shall assume that he had none. We know, however, that the defendant proceeded to trial on a plea of not guilty, represented by counsel. The court has specifically found that he was so represented and the defendant actually concedes it, as he must. Regardless of any affirmative waiver (which the State claims here), the courts of Missouri have frequently held that where a defendant enters a plea of guilty *or* proceeds to trial upon a plea of not guilty, without making objection

to the fact that he has had no preliminary hearing, he waives that requirement. State v. Woodward, Mo., 130 S.W.2d 474; State v. Taylor, 362 Mo. 676, 243 S.W.2d 301; State v. Thomas, 353 Mo. 345, 182 S.W.2d 534; State v. Cooper, Mo., 344 S.W.2d 72, cert. denied 368 U.S. 855, 82 S.Ct. 91, 7 L. Ed.2d 52; State v. Smart, Mo., 328 S.W.2d 569; Skiba v. Kaiser, 352 Mo. 424, 178 S.W.2d 373; Lambus v. Kaiser, 352 Mo. 122, 176 S.W.2d 494. In Lambus, supra, the court said, loc. cit. 497: "A preliminary examination is in no sense a trial, but simply a course of procedure to prevent a possible abuse of power by the prosecution. Ordinarily the absence of a preliminary examination does not ipso facto deprive the circuit court of jurisdiction. It has long been established by our decisions that a preliminary examination may be waived and is now so provided by statute. If the accused pleads and goes to trial without calling the court's attention to the State's failure to accord him such examination, he is held to waive it." The defendant here does not assert that he or his counsel affirmatively requested a preliminary hearing, nor that they objected to proceeding to trial without one. The entry of a plea of not guilty and the subsequent proceedings constituted a waiver, and the present contention is groundless.

■ It is next asserted, in a somewhat cursory manner, that the use by the State of witnesses not endorsed on the information deprived defendant of basic rights under §§ 545.070 and 545.240,[1] as well as Rule 24.17. While both the first such section and the rule provide that the names of the witnesses shall be endorsed, both also provide that other witnesses may be subpoenaed and sworn (used) by the State. We have literally scores of cases dealing with that subject. Even assuming the truth of the allegation here, a defendant must raise the question as a matter of trial procedure by affidavit of surprise, motion to quash the information, motion for a continuance, or some other appropriate method. State v. Sheeler, Mo.App., 300 S.W. 318; State v. Hefflin, 338 Mo. 236, 89 S.W. 2d 938, 103 A.L.R. 1301; State v. Churchill, Mo., 299 S.W.2d 475; State v. Carson, Mo., 286 S.W.2d 750; State v. Glenn, Mo., 262 S.W. 1030; State v. Berkley, 109 Mo. 665, 19 S.W. 192; State v. Ronimous, Mo., 319 S.W.2d 565; State v. Farris, Mo., 243 S.W. 2d 983; State v. Derrington, Mo., 137 S.W. 2d 468; State v. Wilson, 321 Mo. 564, 12 S.W.2d 445; State v. Ready, Mo., 251 S.W. 2d 680; State v. Thost, Mo., 328 S.W.2d 36. And it has frequently been held that a mere objection to the testimony, made when the witness appears, is insufficient to establish error, Carson, Churchill, Derrington, Wilson, Glenn, supra. And even when the question is affirmatively raised upon proper motion the matter is one for the sound discretion of the trial court. Defendant here alleges no basis for error in the admission of such testimony even if the point were being raised on *appeal*. And we have held that the point is not available in proceedings under Rule 27.26 to vacate a judgment, but that it is only available "upon a proper appeal." State v. Richardson, Mo., 347 S.W.2d 165, cert. denied 372 U.S. 954, 83 S.Ct. 953, 9 L.Ed.2d 978. In that case it was noted that no witnesses had been endorsed, that no motion to quash was filed, and that defendant, without objection, had appeared with his counsel and entered a plea of guilty. The point so urged here is not one which may serve as a basis for a collateral attack, and it is denied. These proceedings are not permitted for the purpose of reviewing trial errors, State v. Schaffer, Mo., 383 S.W.2d 698; State v. Worley, Mo., 371 S.W.2d 221; State v. Mallory, Mo., 349 S.W.2d 916; State v. Morton, Mo., 349 S.W.2d 914; State v. Wiggins, Mo., 360 S.W.2d 716; nor does defendant on this point even approach the position of establishing any trial error.

■ The next contention is that the judgment of conviction was invalidated by

---

1. All statutory references are to RSMo 1959 and V.A.M.S.

the fact that defendant was held without bail, without an attorney, and without the use of a telephone, for over 20 hours, in violation of § 544.170 and Rule 29.05. We have held on several occasions that this, even if true, does not per se invalidate a judgment of conviction. The matter is discussed in State v. King, Mo., 380 S.W.2d 370; State v. Worley, Mo., 383 S.W.2d 529; State v. Bryant, Mo., 375 S.W.2d 122, and State v. Donnell, Mo., 387 S.W.2d 508. In State v. King, supra, the court said, 380 S.W.2d at loc. cit. 377: "No such issue of alleged illegal arrest or illegal detention was raised by appellant prior to the trial of the cause, nor is any such matter mentioned in the motion for a new trial. At no time was it presented to or considered by the trial court. Further, no such fact appears from the transcript on the original appeal of this cause on its merits. If such fact existed it is not now the basis for a collateral attack upon the judgment and conviction entered against him. State v. Bryant, Mo. Sup., 375 S.W.2d 122, 125 [6]; State v. Turner, Mo.Sup., 353 S.W.2d 602, 604 [5]. And see United States v. Shields, 6 Cir., 291 F.2d 798, 799 [2–3]." We see no need to elaborate further and the contention is denied.

The final contention, and the one considered in some detail by the trial court, is that defendant was not afforded effective assistance of counsel. Therein we rely to a considerable extent upon the findings of the trial court, for it had the trial files and records available, and it might take judicial notice of them. State v. King, Mo., 380 S.W.2d 370, 373. In so far as defendant is at all specific, he alleges that his counsel: (1) permitted him to be tried without a preliminary examination; (2) permitted the use of witnesses not endorsed on the information; and (3) did not "try from the outset to defend movant * * * ;" he also asserts rather vaguely in his argument that his counsel did not prepare for the trial. Defendant is apparently following the actual but unstated theory of many similar motions, namely, that he has not had "effective" counsel unless counsel procured his acquittal.

The waiver of a preliminary hearing and the supposed failure to present affidavits of surprise or appropriate motions upon the production of unendorsed witnesses are matters of trial strategy and judgment. We shall not "second guess" counsel on such matters. State v. Worley, Mo., 371 S.W.2d 221; State v. Howard, Mo., 383 S.W.2d 701; State v. King, Mo., 380 S.W.2d 370; State v. Childers, Mo., 328 S.W.2d 43; see also, Frand v. United States (CA 10), 301 F.2d 102; Mitchell v. United States, 104 U.S.App.D.C. 57, 259 F.2d 787, cert. denied 358 U.S. 850, 79 S.Ct. 81, 3 L.Ed.2d 86. The "hindsight" views of a layman on questions concerning a lawyer's trial judgment are not a sufficient basis for holding that a trial was fundamentally unfair. The statements that counsel did not prepare the case and that he did not "try to defend" are mere conclusions and thus insufficient to require a factual hearing on the motion. State v. Statler, Mo., 383 S.W.2d 534; State v. Worley, Mo., 383 S.W.2d 529; State v. Rutledge, Mo., 317 S.W.2d 365; State v. Ninemires, Mo., 306 S.W.2d 527.

Furthermore, we look here to the findings of the trial court as made from its examination of the records and files. Defendant was represented by two lawyers of his own choice, privately employed; one, Mr. Bruntrager, was declared by the court to be one of the most experienced and competent "criminal law practitioners" in St. Louis. The court further found: that defendant had been "vigorously and capably" defended; that the trial consumed three full days, in addition to the several hours consumed in the deliberations of the jury; that a motion for new trial setting forth 22 grounds was filed, considered and overruled; that defendant had *elected* not to take an appeal. We concur fully with those findings of the trial court.

Defendant has cited several cases which deal merely in generalities and are in no-

wise applicable here. They deal largely with the right of appointed counsel to sufficient time for preparation. No such question is involved here. The State of Missouri and its courts have recognized the right of an accused to counsel since 1835, RSMo 1835, p. 485, § 3, and have rigidly enforced that right. The trial court appointed counsel for the defendant on this appeal, which it was not required to do under our rules in a proceeding of this nature. That counsel, by voluntary election, in writing, and after investigation, informed this court that he had determined not to brief or argue the matter on appeal; he has, however, filed certain motions here.

We concur fully with the trial court, and the order and judgment of that court is affirmed.

All of the Judges concur.