In the Matter of Marcus **GOODWIN**, Petitioner.

No. 49431.

Supreme Court of Missouri,

En Banc.

June 18, 1962.

Rehearing Denied July 16, 1962.

Mortimer A. Rosecan, St. Louis, Orville Richardson, St. Louis, of counsel, for petitioner.

Thomas F. Eagleton, Atty. Gen., Howard L. McFadden, Asst. Atty. Gen., for respondent.

## PER CURIAM.

The petition for habeas corpus filed by Marcus Goodwin on March 21, 1962, was heard by the Court en Banc on March 29, 1962. The Petitioner Marcus Goodwin appeared in person and by his attorney, Mortimer A. Rosecan. Respondent E. V. Nash, Warden of the Missouri State Penitentiary, was represented by Howard L. McFadden, an Assistant Attorney General. Evidence was heard and the Petitioner was given five days in which to file a brief. Respondent was given five days thereafter in which to answer the Petitioner's brief. Petitioner filed his brief on April 9, 1962, and on April 19, 1962, respondent Warden Nash filed a brief. Petitioner was granted time to file a reply brief which was filed on May 1, 1962.

After due consideration of the evidence and the briefs, the Court finds that the Petitioner Marcus Goodwin was represented by counsel at the trial of his case in the Circuit Court of Jackson County, Missouri; that the attorney, Lee Vertis Swinton who represented Petitioner at the trial, is an able lawyer who had had previous experience in the trial of criminal cases, including the defense of persons charged with murder; and that trial counsel conducted the defense intelligently and with discrimination. The Court further finds that neither the trial evidence nor the evidence heard in this habeas corpus proceeding has convinced the Court that Petitioner was insane at the time he signed the statement or confession given to police officers or at the time of trial, or that he was thereby deprived of a fair trial or of due process.

Evidence which counsel did not discover and which it is claimed should have been discovered and presented to the trial jury was introduced in the record on this, the habeas corpus, hearing. Reviewing this evidence, we find that while portions there-

of may have been favorable to the defendant other portions directly connected with the favorable evidence were very detrimental to the defendant. It is doubtful if that evidence would have aided the defendant.

■ In determining the question of whether a defendant was adequately represented by counsel, the situation should be considered as of the time the attorney must act and not in retrospect. State v. Turner, Sup., 353 S.W.2d 602, 1. c. 605 (9–10). In 23 C.J.S. Criminal Law § 982(8), p. 969, the applicable rule is thus stated: "Whether or not accused has been afforded adequate and effective assistance of counsel must be determined from the facts of the case." Numerous cases are there cited in support of the rule. On pages 975 and 976 of the same section, it is further stated that "Counsel for accused is vested with broad latitude in the conduct of the defense and he is not to be adjudged incompetent and his client deemed denied effective assistance of counsel by reason of the commission of what, in retrospect, appear to be errors of judgment. Mere errors, omissions, or mistakes by counsel do not establish a lack of effective representation by counsel. Trial strategy, even though unsuccessful, is an inadequate basis for an attack on the competency of counsel, and this rule has been applied where counsel refrained from cross-examination or from calling certain witnesses, or where counsel decided that accused should not take the stand."

Petitioner was heard on appeal from his conviction. After the conviction was affirmed (Sup., 352 S.W.2d 614), the Governor of this State commuted the death penalty to life imprisonment.

Considering all of the matters presented, we rule that Petitioner is not entitled to relief and the writ of habeas corpus is hereby denied.