**STATE of Missouri, Respondent,**

**v.**

**Teddy Ray SIMS, Appellant.**

**No. 50961.**

Supreme Court of Missouri,

Division No. 1.

Feb. 8, 1965.

Thomas F. Eagleton, Atty. Gen., Thomas
E. Eichhorst, Asst. Atty. Gen., Jefferson
City, for respondent.

Taken as submitted by appellant.

HOLMAN, Judge.

Defendant, a prisoner in the Missouri
State Penitentiary, instituted this proceed-
ing under the provisions of Supreme Court
Rule 27.26, V.A.M.R., by the filing of a
pro se motion "to vacate and/or correct" a
judgment and sentence wherein he had been
adjudged guilty of the crimes of burglary
and stealing. The trial court considered
the motion and denied the relief sought for
the reason that the "files, records and ver-
dict establish that the defendant is entitled
to no relief." Defendant has duly appealed
from that order and judgment.

The original trial occurred on May 17,
1962. At the conclusion thereof the jury
returned the following verdict:

"We, the jury, find the defendant, Teddy
Sims, guilty of burglary, second degree,
and assess his punishment at 2 years in the
state penitentiary, and we further find the

defendant guilty of stealing and assess his punishment at 2 years in the state penitentiary. Signed, H. N. Harrison, Foreman."

Thereafter, the court sentenced defendant to the custody of the Department of Corrections for a term of two years for the burglary offense and two years for the crime of stealing, and specifically provided in the judgment that said terms "run consecutively." The sole contention in defendant's motion relates to the verdict and judgment, it being said that the punishment provided in the verdict "is but a total term of two years' imprisonment and, therefore, the within Honorable Court's imposition of 'two years on burglary and two years on stealing, said terms to run consecutively' was neither responsive to the said verdict nor in conformity with the provisions of Missouri Supreme Court Rule 27.02."

There is no merit in defendant's contention. The answer thereto is plainly provided in § 560.110 (all statutory references are to RSMo 1959, V.A.M.S.) which reads as follows:

"1. If any person in committing burglary shall also commit a crime of stealing, he may be prosecuted for both offenses in the same count, or in separate counts of the same indictment, and, on conviction of such burglary and stealing, shall be punished by imprisonment in the penitentiary, in addition to the punishment herein prescribed for burglary, not less than two nor exceeding five years.

"2. Notwithstanding the provisions of section 546.480, RSMo, the court shall state in pronouncing sentence whether the additional term of imprisonment provided herein is to run consecutively or concurrently. In the event that the court fails to determine at the time of pronouncing sentence how the terms of imprisonment shall run in relation to each other, the terms of imprisonment shall run concurrently."

In our consideration of that section we also note that the punishment for burglary is specified in § 560.095(2) as imprisonment for "not less than two nor more than ten years." Upon finding defendant guilty of burglary the jury was required to fix a punishment of at least two years' imprisonment. Under the provisions of § 560.110(1), supra, upon finding defendant guilty of stealing (in connection with said burglary), it was mandatory that the jury provide an additional punishment of at least two years for said offense. No doubt the court instructed the jury accordingly and the verdict demonstrates that the jury followed the instructions in that respect. However, § 560.110(2), supra, makes it mandatory that the court "shall state in pronouncing sentence whether the additional term of imprisonment provided herein [for stealing] is to run consecutively or concurrently." The court performed its duty as so provided and stated that said terms should "run consecutively." The effect of that judgment is that defendant shall be imprisoned for a total period of four years. Had the judgment been silent on the question as to how the terms should be served, then, under the provisions of § 560.110(2), the terms would have run concurrently, but that is not the situation here. As heretofore stated, there is no basis for defendant's contention that the verdict provided only "a total term of two years."

Supreme Court Rule 27.02, cited by defendant, provides that "[i]n all cases of a verdict of conviction for any offense where by law there is any alternative or discretion as to the kind or extent of punishment to be inflicted, the jury may assess and declare the punishment in their verdict, and the court shall render a judgment according to such verdict, except as is otherwise provided in these Rules. * * *" That rule was not violated in this instance. The jury exercised its discretion and assessed the minimum punishment for each offense. The court rendered judgment according to such verdict, performing, however, the additional duty imposed by § 560.110(2) of

specifying whether the two terms be served consecutively or concurrently.

The judgment is affirmed.

All concur.