**STATE of Missouri, Respondent,**

**v.**

**Frank RUNYON, Appellant.**

**No. 51880.**

Supreme Court of Missouri, Division No. 1.

Feb. 13, 1967.

Norman H. Anderson, Atty. Gen., Donald R. Wilson, Asst. Atty. Gen., Jefferson City, for respondent.

HOUSER, Commissioner.

This is an appeal from an order overruling a motion filed under Criminal Rule 27.26, V.A.M.R., to vacate a sentence and judgment in a stealing case filed against Frank Runyon.

In Case No. 3390 in the Circuit Court of St. Clair County Runyon was charged in one information, drawn in two counts, with the offenses of burglary second degree and stealing. This was one of six cases of burglary and stealing filed against this defendant. On February 1, 1964 he appeared before the circuit court personally and with his court-appointed attorney and entered a plea of guilty in Case No. 3390 to burglary and stealing. The court assessed his punishment at 10 years on the charge of burglary and 2 years on the charge of stealing. The other five cases pending against Runyon were dismissed by the prosecuting attorney. The supplemental transcript shows that the judge ordered the two sentences to run consecutively. In writing the judgments the clerk made completely separate entries on each charge. Each judgment entry directed that the sentence commence

on February 1, 1964. Runyon was imprisoned on these sentences and on June 19, 1965 filed in the Circuit Court of St. Clair County this motion to vacate the judgment and sentence in the stealing case, based on these reasons: (1) that he was charged with both crimes (burglary second degree and stealing) in one information and that the court in sentencing him entered two separate sentences; (2) that he was sentenced in excess of the maximum sentence prescribed for the offense of burglary second degree, which under these circumstances is alleged to be from 2 to 5 years; (3) that the sentences were ordered to run consecutively, but that the order that the sentences run consecutively totally fails under the law because both sentences have the same starting date; therefore the 2-year sentence for stealing is not an additional sentence. The motion concluded with a suggestion that the prisoner was entitled to a complete discharge.

Appellant attended the hearing of the motion to vacate, having been produced under a writ of habeas corpus ad prosequendum, and was represented by counsel at the hearing. The case was argued by counsel for the respective parties. The court found the commitment issued on the 2-year sentence to be erroneous, and ordered it corrected by amendment "to conform to the sentence imposed" and that sentence begin at the termination of the sentence for burglary. An amended sentence and judgment was entered of record in compliance with the order of the court. Thereupon defendant filed a notice of appeal "from the order overruling defendant's Motion to Vacate Judgment and Sentence." In the notice of appeal defendant also made the charge that the court records had been forged by the presiding judge with the intent to enter a nunc pro tunc entry "unauthorized by law."

The circuit court properly overruled the motion to vacate the judgment and sentence.

■ It was proper to charge burglary and stealing in the same information. "If any person in committing burglary shall also commit a crime of stealing, he may be prosecuted for both offenses in the same count, or in separate counts of the same indictment, * * *." § 560.110(1) [1]; Criminal Rule 24.04, V.A.M.R. State v. Bursby, Mo.Sup., 395 S.W.2d 155; State v. Sims, Mo.Sup., 386 S.W.2d 396. There was no error in making separate entries of the sentences and judgments on the two separate and distinct crimes. Indeed, the judgments on Counts 1 and 2 would have been fatally defective if they had failed to assess separate punishments for each offense in each count. State v. Bursby, supra, 395 S.W.2d, l. c. 161 [7].

■ The 10-year sentence for burglary did not exceed the maximum punishment allowable under our law. "Every person who shall be convicted of burglary in any degree shall be punished by imprisonment in the state penitentiary, as follows: * * * (2) If in the second degree by imprisonment in the state penitentiary for a term not less than two nor more than ten years." § 560.095.

■ The fact that the judgment entries specified that the 2-year and 10-year sentences were to commence on the same day does not entitle appellant to an acquittance on the 2-year sentence. The specification of the date on which each of the sentences was to begin (February 1, 1964) was not legally effective to fix the beginning of the sentences. The law, not the judgment, fixes the date of the commencement of punishment. State v. Testerman, Mo.Sup., 408 S.W.2d 90, and cases cited, l. c. 92 [1].

■ At the hearing on the motion to vacate the court ordered that the judgment be amended to provide that the 2-year sentence "commence at the termination of prior sentence for burglary in same num-

_____
1. All section references are to RSMo 1959, V.A.M.S.

ber case." This order of correction was based upon an entry of record on file in the case, namely, an order entered on February 1, 1964, when the pleas of guilty were taken, that the two sentences run consecutively. This was an existing record made at the time of the original proceedings, and therefore the court in making the amendment acted within its powers. State v. Kitchin, Mo.Sup., 282 S.W.2d 1.

 The allegation of forgery made in the notice of appeal is unsubstantiated, a mere conclusion, constitutes altogether insufficient grounds for relief, and cannot be raised in this manner.

The judgment is affirmed.

WELBORN and HIGGINS, CC., concur.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.