**STATE of Missouri, Respondent,**

v.

**Arvelle COLES, Appellant.**

**No. 55663.**

Supreme Court of Missouri, Division No. 2.

June 14, 1971.

**890**

John C. Danforth, Atty. Gen., Kermit W. Almstedt, Asst. Atty. Gen., Jefferson City, for respondent.

Jerry D. Perryman, St. Louis, for appellant.

STOCKARD, Commissioner.

Appellant was charged under the habitual criminal act with murder in the second degree, and after being found guilty by a jury his punishment was assessed by the trial court at imprisonment for a term of twenty-eight years.

There is no challenge to the sufficiency of the evidence. A jury reasonably could find therefrom that appellant knocked Otha Morris down and then jumped on his head repeatedly causing injuries which resulted in his death.

The only contention on this appeal is that the trial court erred in permitting the assistant circuit attorney to ask questions of prospective jurors on voir dire "which required the jurors to commit themselves to a future course of conduct at a time when no evidence had been heard." We shall quote but one of the questions. The others were substantially the same.

"Mr. McDonald: * * * Can you, if you find that under the law in this case as His Honor gives it to you, and under the fact as it comes from the witness stand, if you find the defendant is guilty as charged under all of those facts and law, can you return a verdict of guilty as charged? Can all of you say you have no moral or certain background beliefs that might prevent you from returning a verdict of guilty, if under your mind and under the law and under the evidence you find he's guilty as charged?"

As noted in State v. McCaine, Mo., 460 S.W.2d 618, "it is safer practice not to engage in this type of interrogation," but as in that case, we find no prejudicial error. In the McCaine case, the question to the panel was as follows: "In the event this defendant is proved guilty under the law, [do] any jurors on the first panel have any adverse reaction to returning a guilty verdict, or, the other side of the coin, if he is found guilty under the law, would there be any hesitancy of returning a guilty verdict?" In State v. Gray, Mo., 423 S.W.2d 776, the jurors were asked: "Assuming that the state from the evidence has shown beyond a reasonable doubt that [defendant] did commit the alleged act, are there any of you here, based on this assumption, who could not return a verdict of guilty?" In those cases it was held, as stated in the McCaine case, "The questions hypothesized no particular set of facts. They were based upon an assumption of proof of guilt under the law. They appear to have been 'merely an attempt to determine if the jury panel had any moral scruples against returning a verdict of guilty, not one attempting to commit the jurors in advance of hearing any evidence, arguments of counsel or instructions of the court.'"

Appellant relies on State v. Pinkston, 336 Mo. 614, 79 S.W.2d 1046; State v. Katz Drug Co., Mo., 352 S.W.2d 678; and State v. Kiner, Mo., 441 S.W.2d 720. The latter two cases are distinguished in the McCaine case from the factual situation in that case, and they are distinguishable from the facts of this case. We also consider the Pinkston case not to be factually controlling.

There the prospective jurors were asked, "whether or not [they] would assess the death penalty if the evidence warranted it." Aside from the implications now resulting from Witherspoon v. State of Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776, the court in the Pinkston case stated that it would have been better if the examination of prospective jurors had been limited to ascertaining whether the juror had such an opinion as would preclude him from returning a verdict with the death penalty.

We consider the factual situation of this case to be governed by the rule announced in the McCaine and Gray cases.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

DONNELLY, P. J., MORGAN, J., and HENLEY, Alternate Judge, concur.

FINCH, J., not sitting.