Anthony John VENERI, Jr., Movant-Appellant,

v.

STATE of Missouri, Respondent.

Leo REILLY, Movant-Appellant,

v.

STATE of Missouri, Respondent.

Nos. 55078, 55079.

Supreme Court of Missouri, Division No. 1.

Dec. 13, 1971.

Motion for Rehearing or to Transfer to Court En Banc Denied Jan. 10, 1972.

Jenny, Cole & Eckelkamp, Union by L. B. Eckelkamp,·Jr., Union, for appellant.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

BARDGETT, Judge.

This is an appeal from the judgment of the circuit court overruling appellants' motions under S.Ct. Rule 27.26, V.A.M.R., and overruling appellants' subsequent motions under S.Ct. Rules 27.25 and 27.26.

On July 1, 1968, appellants Veneri and Reilly pleaded guilty to a charge of robbery in the first degree by means of a dangerous and deadly weapon and each was sentenced to a term of twenty-five years and committed to the custody of the department of corrections.

On January 30, 1969, Veneri and Reilly filed S.Ct. Rule 27.26 motions seeking to

set aside the judgments and sentences. The grounds alleged therein are:

a) They had been prosecuted without a valid complaint having been made or filed;

b) They had been denied the right to counsel during the preliminary stages of the prosecution in violation of their rights under the United States Constitution, Amendments 6 and 14, and denied the right to counsel at their preliminary hearing; that any waiver of preliminary hearing was invalid because they did not have counsel at that time; and

c) Denied of effective assistance of counsel in violation of the Missouri and United States Constitutions.

On February 18, 1969, attorney Randolph Puchta was appointed to represent petitioners on their motions.

On May 19, 1969, petitioners filed an amended motion which added the following grounds to the original motion:

d) They were interrogated, fingerprinted and photographed prior to being advised of their right to remain silent and their right to counsel;

e) They were interrogated, fingerprinted and photographed prior to being arrested and charged with any crime;

f) They were not advised of their right to counsel at preliminary hearing;

g) They had been held in custody and tried without being advised they were under arrest and without any arrest warrant being read to them;

h) That their plea of guilty was entered as a result of reliance on a promise that prosecutor William Wessel would recommend a sentence of ten years; and in fact William Wessel recommended twenty-five years. That this representation resulted in denial of jury trial to them; and

i) That the judgment entered against them did not conform to the complaint and information.

The court held an evidentiary hearing on May 19, 1969. Both petitioners were present with counsel. On June 2, 1969, the court found against petitioners on all allegations made in their motions except that allegation pertaining to the judgment of conviction not conforming to the complaint and information which will be discussed later.

On June 16, 1969, petitioners filed their motions for new trial. This motion was never ruled on by the trial court. We disregard it as we have not previously required that a motion for new trial be filed in order to preserve the right to appeal in 27.26 motion cases. However, notice of appeal was not timely filed and on October 6, 1969, both petitioners, pro se, sought leave to file a late notice of appeal as poor persons from this court pursuant to S.Ct. Rule 28.07, and an order to file notice of appeal was granted to Veneri on December 8, 1969, and to Reilly on November 10, 1969. Our special order to file notice of appeal was in response to petitioners, pro se, request to take an appeal from the circuit court's judgments of June 2, 1969, which judgments were entered on petitioners' 27.26 motions referred to supra.

■ Instead of filing a notice of appeal from the judgment of June 2, 1969, petitioner Veneri, pro se, filed what he terms a combined 27.25–27.26 motion in the Circuit Court of Gasconade County on December 15, 1969. In this motion Veneri acknowledges that this court granted him leave to file a late notice of appeal from the judgment of June 2, 1969, but asserts that "by virtue of this Court's [circuit court's] findings of fact and conclusions of law, which ha[ve] been clearly explained to your movant, such appeal would be a waste of time, expense to the state drawing up and filing the transcript, and an additional burden upon the office of the Attorney General of Missouri." Veneri further states that there has been no final judgment in his case by appeal from the prior denial of the 27.26 motion and, therefore, the circuit court still has jurisdiction and

authority to entertain this combined motion and adjudicate the same. Veneri is obviously incorrect in this assertion. The circuit court's judgment of June 2, 1969, was a final appealable order. Additionally, S.Ct. Rule 27.26(d) prescribes certain prohibitions against the trial court entertaining successive motions. The record reflects, however, that although Mr. Puchta remained attorney of record in the circuit court, he was ill; and Veneri and Reilly were, for all practical purposes, without counsel from about June 2, 1969, until January 7, 1971, at which time Mr. L. B. Eckelkamp, Jr., counsel for petitioners on this appeal, was appointed by Honorable George P. Adams, Special Judge, to represent petitioners.

■ The combined 27.25–27.26 motion of December 15, 1969, alleged their plea of guilty was involuntary and they were deprived of due process and alleges some seven grounds in support thereof; prays for an evidentiary hearing and appointment of counsel, and that the sentences and judgments of July 1, 1968, be set aside. Additionally the motion of December 15, 1969, appears to be an effort to have the trial court set aside its judgment on the original 27.26 motions entered June 2, 1969. The December 15, 1969, motion could not serve that purpose for, if the June 2, 1969, judgment is to be reversed, it would have to be done by the appropriate appellate court.

In support of their position that a new hearing is required on the 27.25–27.26 motions filed December 15, 1969, appellants cite State v. Moreland, Mo., 351 S.W.2d 33. There, the circuit court overruled Moreland's first rule 27.26 motion without a hearing and subsequently overruled a second motion because "this is the second such motion filed by appellant." No appeal was taken from the judgment denying the first motion. On appeal from the denial of the second motion without an evidentiary hearing, the court reversed and remanded saying, loc. cit. 37: "When the court erred in ruling on the first motion

without holding a hearing to determine the facts, the Rule does not preclude the court from rectifying its previous error and giving proper consideration to a second motion. On the other hand, if the allegations in the first motion were not the same as in the pending motion, the Rule contemplates a ruling on the merits of the second motion and a hearing thereon when its allegations and the files and records of the case are such to warrant it."

In Moreland, the petitioner had not received that to which he was entitled—an evidentiary hearing—and it was to rectify that error that this court reversed and ordered a hearing. Here, appellants had their evidentiary hearing on their first motion and findings of fact were made and judgments entered. In these circumstances, State v. Moreland, supra, does not necessarily require the trial court to hold an evidentiary hearing on the second motion. Whether or not an evidentiary hearing on the second motion is required is controlled by the criteria set forth in S.Ct. Rule 27.26(d), which will be discussed further, infra.

We construe appellants' notice of appeal filed in circuit court on January 15, 1970, and transmitted here on March 10, 1971, as a notice of appeal from the judgments entered June 2, 1969, overruling appellants' rule 27.26 motions and as an appeal from the order of the trial court entered January 12, 1970, on appellants' combined 27.-25–27.26 motion filed December 15, 1970, to wit: "Movants 2nd Motion dated Dec. 15, 1970 overruled—see Judgment of June 2, 1970." The appellants and the state have proceeded on the basis that Reilly joined in the motion and, although the record is somewhat confused, the fact that Reilly's notice of appeal is identical to Veneri's indicates he did join in the motion and we will decide this appeal on the basis that both appellants joined in all documents filed in the circuit court and here.

Re: The appeal from the trial court's judgment of June 2, 1969, overruling ap-

pellants' rule 27.26 motion filed January 30, 1969, as amended May 19, 1969.

■ Appellants assert the complaint filed in magistrate court was invalid on the grounds that it was not properly verified. It appears from the testimony that this allegation was withdrawn. In any event, the evidence shows and the trial court found that the complaint was signed by the complaining witness and acknowledged in due form by William Wessel, as a notary public, and filed in the Magistrate Court of Gasconade County, Missouri. The finding is not clearly erroneous. Crosswhite v. State, Mo., 426 S.W.2d 67.

■ Second, appellants contend they were denied their constitutional rights in that no attorney was appointed to represent them at the preliminary hearing. The preliminary hearing was held about 10:00 a. m. on April 18, 1968, about six hours after appellants were apprehended. Appellants agree that they waived preliminary hearing, but contend that the waiver was invalid because they had no attorney. They did not request an attorney at preliminary, and testified that they did not recall the magistrate judge advising them that they had a right to be represented by an attorney at the preliminary.

The magistrate judge testified at the rule 27.26 hearing and stated that the complaint was read to appellants; that he asked each one of them if he had an attorney and each said, no, they did not want an attorney. Nevertheless, he offered to appoint an attorney, but they told him it wasn't necessary and they wanted to waive preliminary hearing. The magistrate further testified the appellants said they wanted to get the whole thing over with as soon as possible and get to Jefferson City and start serving their time.

The court found that the complaint was read to appellants in magistrate court and that appellants stated they did not desire counsel and voluntarily waived preliminary hearing. Aside from the fact that appoint-

ment of counsel at preliminary hearing was not required in April 1968 (State v. Caffey, Mo., 457 S.W.2d 657, State v. Chapman, Mo., 465 S.W.2d 472), the trial court's finding that appellants voluntarily waived preliminary hearing is not clearly erroneous. Crosswhite v. State, supra.

■ Next appellants contend they were denied effective assistance of counsel in violation of their rights under the Constitution of Missouri 1945, Art. I, § 18(a), V.A.M.S., and the Constitution of the United States, Amendments 6 and 14. This allegation is set forth as 9(c) in appellants' motion and asserts that, had they been afforded counsel at the preliminary, the alleged defect in the verification of the complaint could have been discovered and appellants advised concerning the defect. The complaint was valid. The point has no merit.

■ Next appellants assert they were interrogated, fingerprinted and photographed prior to being arrested and charged with a crime and prior to being advised of their right to remain silent and right to counsel; that they were held in custody and tried without being advised that they were under arrest and without an arrest warrant having been read to them. There was no evidence connecting these allegations to appellants' pleas of guilty. The point has no merit. McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L. Ed.2d 763; Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785.

■ Next appellants contend that their pleas of guilty were entered in reliance on a promise that the prosecuting attorney would recommend a sentence of ten years but the prosecutor recommended and appellants were sentenced to twenty-five years, and that this misrepresentation deprived appellants of a jury trial.

The evidence offered by appellants reflects that while they were in jail awaiting trial, the prosecutor at the request of appellants, and with the consent of appel-

lants' attorneys, told appellants he would recommend a ten-year sentence; that appellants' attorneys told them the same thing; that appellants' attorney Mundwiller advised them not to plead guilty, but that they, the attorneys, would seek a change of venue to another county, and they, the attorneys, believed that appellants could get less time than ten years. Subsequently appellants either tried to or did escape jail. After this event, appellants heard that the prosecutor was going to recommend twenty-five years on a plea of guilty. Appellants' attorneys told them the prosecutor would recommend twenty-five years. Under date of January 27, 1968, Veneri wrote to the prosecutor and said that "twenty-five years if we get that to do is a long time". The import of the testimony of appellants is that, although their attorneys told them the prosecutor would recommend twenty-five years on a plea of guilty, they didn't believe the attorneys and pled guilty thinking they would be sentenced to ten years. There is no evidence of any participation by the trial court in any discussion as to the length of the sentence nor was there any evidence of any presentencing commitment by the court. It is not claimed that the court failed to comply with S.Ct. Rule 25.04 and the record here does not contain a transcript of the proceedings at the time of the pleas of guilty.

The court found that there had been a consultation between the prosecuting attorney and appellants at the solicitation of appellants, and with the consent of their attorneys; that the prosecutor told appellants he would recommend a ten-year sentence; that appellants thereafter committed three or four other felonies; that the prosecutor changed his mind concerning the recommendation and decided to recommend a twenty-five-year sentence; and that appellants were so informed by their attorneys prior to the time they pleaded guilty.

The court's reference to "three or four other felonies" referred to incidents that took place during appellants' escape from jail. Whether appellants did or didn't commit the three or four other felonies was not essential to the court's determination of this point. The trial court's finding that, prior to the guilty pleas having been entered, appellants were told that the recommendation of the prosecutor would be twenty-five years was not clearly erroneous.

▇ Next appellants contend that the judgment entered against them on their pleas of guilty did not conform to the complaint and information and is therefore illegal, unconstitutional, and void. As to this the trial court stated in its findings:

"The complaint and information both contain the charge of first degree robbery 'by means of a dangerous and deadly weapon' and the official minutes of the Court definitely show that the Movant entered his plea of guilty to first degree robbery 'by means of a dangerous and deadly weapon' and his punishment assessed for that crime.

"The formal written Judgment and commitment do show first degree robbery 'by force and violence' instead of 'by means of a dangerous and deadly weapon'. Such variance in the formal written sentence and commitment does not in any way change the charge in the complaint and information to which the Movant pleaded guilty and is subject to correction under Supreme Court Rule 27.26(I) *sic* by the filing of an amended sentence and commitment to conform to the said complaint, *In*formation, and plea of guilty by Movant as is clearly revealed by the official Court records in this case.

"An amended sentence and commitment is hereby ordered filed in this Court forthwith, and a certified copy thereof forwarded to the Missouri Department of Corrections."

The action of the trial court was correct. State v. Runyon, Mo., 411 S.W.2d 69.

On this appeal, appellants also contend the trial court erred in permitting their assigned trial counsel to testify in behalf of the state in the hearing on the appellants' 27.26 motion. Appellants concede that trial counsel may testify at 27.26 hearings when the issue pertains to effective assistance of trial counsel, Hand v. State, Mo., 447 S.W.2d 529, State v. Rose, Mo., 440 S.W.2d 441, but say that the waiver of privilege does not extend to all matters within the ambit of the attorney-client relationship, and we agree with this general proposition. Here, the testimony of attorney Althauser concerned conversations that took place between the prosecuting attorney and Althauser and not between appellants and Mr. Althauser, with one exception. That exception is that Mr. Althauser testified that he relayed to appellants the information given to him by the prosecutor that the prosecutor would recommend a twenty-five-year sentence. The testimony of attorney Orlando J. Mundwiller was restricted to conversations between the prosecutor and Mr. Mundwiller concerning the prosecutor's decision to recommend twenty-five-year sentences instead of ten-year sentences and the fact that Mr. Mundwiller consented to the prosecutor talking to appellants.

The conversation between the prosecutor and defense attorneys was not privileged. The testimony of attorney Althauser that he relayed the information given him by the prosecutor to appellants was properly admitted into evidence as it bore directly on the issue of effective assistance of counsel as raised by appellants. The point is overruled.

The trial court's findings of fact and judgments entered June 2, 1969, on appellants' rule 27.26 motions were not clearly erroneous and the judgments entered thereon are affirmed.

Re: The appeal from the trial court's order of January 12, 1970, overruling appellants' combined rule 27.25–27.26 motion.

On December 15, 1969, appellants filed a combined 27.25–27.26 motion. On January 12, 1970, the trial court entered the following order on the said motion: "Movants 2nd Motion dated Dec. 15, 1970 overruled —see Judgment of June 2, 1969." This order was made without an evidentiary hearing and without appointment of counsel. This motion again asserts the claim that their pleas of guilty were involuntary, and in support thereof they allege:

a) At the time of their arrest they were not informed of their constitutional rights but were immediately interrogated;

b) That when one of the accused attempted to inform the others of their constitutional rights, a police officer grabbed him, thus placing all in fear of the consequences of non-cooperation;

c) That the failure of the officers to apprise petitioners of their right to counsel led directly to their being deprived of counsel at their preliminary hearing—to their direct detriment;

d) That their preliminary hearing was conducted in a manner violative of Supreme Court Rule 23.02 in that their waiver was not after consultation or after being accorded the right of consultation with counsel;

e) That at the preliminary hearing they were coerced and threatened by the prosecutor into waiving their constitutional protection and agreeing to waive the preliminary hearing;

f) That they were denied their right to counsel at the preliminary hearing and at the time of their arrest and this led directly to their entering their pleas of guilty on the promise of a 10 year recommendation; and

g) That their appointed counsel were ineffective in that they allowed petitioners to plead to the charge on the same day as they were appointed. This failed to allow time for investigation, reflection or preparation of the case, all to the detriment and prejudice of petitioners.

Although appellants concede on the motion that the preliminary hearing and ineffective assistance of counsel issue as it related to an alleged defective complaint were previously asserted in the prior 27.26 motion, we need not look to this concession to rule the question here.

Rule 27.26(d) Successive Motions, provides:

"The sentencing court shall not entertain a second or successive motion for relief on behalf of the prisoner where the ground presented in the subsequent application was raised and determined adversely to the applicant on the prior application or where the ground presented is new but could have been raised in the prior motion pursuant to the provisions of subsection (c) of this Rule. The burden shall be on the prisoner to establish that any new ground raised in a second motion could not have been raised by him in the prior motion."

 Rule 27.26(i) requires the trial court to make findings of fact and conclusions of law on all issues presented. The order of the trial court of January 12, 1970, did not comply with this requirement. The trial court should have made findings as to whether or not the grounds presented in this second motion had previously been presented and, if not previously presented, whether appellants have brought themselves within the exception provided in rule 27.26(d). Rule 27.26(d) does not require an evidentiary hearing on this preliminary question. The court can rule this point on the pleadings and the records of the court, or it may, in the court's discretion, order an evidentiary hearing.

We have considered whether to remand this part of the cause to the trial court for consideration by that court and entry of its findings with respect to whether appellants may maintain this second motion under S. Ct. Rule 27.26(d) and have concluded not to do so.

We have reached this conclusion because the appellants' first rule 27.26 motion, as amended, and the transcript of the evidence taken on that motion clearly show that all of the grounds asserted by appellants in their combined 27.25–27.26 motion, except (g), were either asserted as a ground in the first motion or were developed during the hearing as evidentiary support of an asserted ground, and that the trial court ruled against appellants on the asserted grounds.

For instance, the first 27.26 motion alleged appellants were interrogated, etc., before being informed of their constitutional right to remain silent and to have counsel. In support of this, appellants testified that upon being apprehended on the highway, one of their number said, "Look, don't nobody say anything, constitutional rights", and that one of the officers grabbed him and said, "Oh, you're a wise guy" and threw him against the car. This alleged event is asserted as ground (b) in the second motion and put forward as a separate basis for relief. Thus the records reflect that the ground was known to and asserted by appellants at the time of this first motion. The same is true as to the other grounds asserted in the 27.25–27.26 motion. Since the records here show that the grounds asserted in the second motion were asserted in the first motion and were ruled adversely to appellants in the first motion, it would serve no useful purpose to remand for an entry by the trial court of this finding.

 In ground (g) of the second motion, appellants contend that original trial counsel were ineffective because they allowed appellants to plead to the charge on the same day they were appointed. This, say appellants, failed to allow time for investigation, reflection or preparation of the case, all to the detriment and prejudice of appellants.

Appellants' first motion alleges they had counsel at arraignment and they so testified. The arraignment was on May 3, 1968, and the only plea entered on that date was "not guilty". The pleas of guilty

**842**

were entered July 1, 1968. The point has no merit and is overruled.

The judgments of the circuit court of June 2, 1968, overruling appellant's Veneri's rule 27.26 motion and of January 12, 1970, overruling Veneri's combined rule 27.25–27.26 motion are affirmed.

The judgments of the circuit court of June 2, 1968, overruling Leo Reilly's rule 27.26 motion and of January 12, 1970, overruling Reilly's combined rule 27.25–27.26 motion are affirmed.

All of the Judges concur.