Henry Edward TALLEY, Appellant,

v.

STATE of Missouri, Respondent.

No. 56898.

Supreme Court of Missouri,
Division No. 2.

March 13, 1972.

Jay White, Rolla, for appellant.

John C. Danforth, Atty. Gen., Glen A. Glass, Asst. Atty. Gen., Jefferson City, for respondent.

STOCKARD Commissioner.

Henry Edward Talley has appealed from an order overruling his motion, filed pursuant to Rule 27.26, V.A.M.R., to vacate a sentence of imprisonment for a term of twenty-five years entered July 1, 1968, on a plea of guilty to robbery in the first degree by means of a dangerous and deadly weapon.

■ Appellant's first two points are as follows: "The fact that the complaint was sworn to before the prosecuting attorney as a notary and the prosecuting attorney representing the State at the preliminary examination on said complaint *may* smack [of] collusion between the prosecuting attorney and the complainant resulting in prejudice to appellant" (Italics added), and "The Magistrate's appointment of his blood son to represent appellant in the Magistrate Court did result in prejudice to appel-

lant because said appointed counsel was indifferent."

Appellant cites no case and presents no argument in his brief as to either point. No preliminary hearing was held in the magistrate court; appellant expressly waived it and there is no challenge to that waiver. There is no evidence from which collusion between the prosecutor and the complainants or indifference of counsel could be inferred. In addition to the fact that no attempt is made to show prejudice, and that the contentions have been waived by reason of the deficiencies of the brief, appellant has totally failed to meet his burden of proof of establishing a ground for relief pursuant to Rule 27.26, V.A.M.R.

■ Appellant's third point is "The uncertainty reflected by the record that appellant entered a plea to the charge of robbery with force and violence is a discrepancy in the records, which is confusing to appellant, to his prejudice." This point also is presented without the citation of any case and without argument, and for that reason could be held to be waived. However, the record shows that appellant was charged by information with robbery in the first degree by means of a dangerous and deadly weapon, and that he entered a plea of guilty to that charge. The only place in the record before this court where the words "robbery by force and violence" appear is in an exhibit attached to appellant's motion which is entitled "Order." It is not shown who prepared this "order" or who was the author of the words "robbery by force and violence." The trial court found that the "amended sentence and commitment truly reflects the proceedings of May 3 [arraignment] and July 1, 1968."

We note that in a companion case, Veneri v. State, Mo., 474 S.W.2d 833, it was stated that the judgment and commitment showed that the accused in that case was found guilty of first degree robbery by force and violence instead of by means of a dangerous and deadly weapon. It was

held that the judgment and commitment was subject to correction to conform to the complaint, information, and plea of guilty.

It appears from the findings of fact and conclusions of law entered by the trial court in this case, that the "order" or commitment was amended to truly reflect the proceedings of July 1, 1968. If this "order" has not been corrected, to have it corrected is the most appellant is entitled to, Veneri v. State, supra, and if it has been corrected, appellant is entitled to no relief. In any event, he is not entitled to the relief sought in his motion.

Appellant's final point is that (a) his plea of guilty was involuntary because "he was represented by indifferent court appointed counsel"; (b) he was under a misapprehension and was fearful "that the prosecuting attorney would increase the sentence because the prosecuting attorney had the power to set the sentence," and (c) he was not properly advised concerning his rights (i) to a trial, or (ii) "as to the nature of his plea or consequences of his plea of guilty."

■ As to (a): There is no evidence whatever from which indifference on the part of appellant's counsel could be inferred. The record shows that counsel investigated the charge, and advised and counseled with appellant.

■ As to (b): The prosecuting attorney first advised appellant's counsel that if a plea of guilty was entered he would recommend a sentence of ten years, but that was refused by appellant. While awaiting trial, appellant escaped from jail and committed several other serious crimes. The prosecuting attorney then told appellant and his counsel that he would no longer recommend ten years, but his recommendation would be twenty-five years. The circuit judge who received and accepted appellant's plea of guilty testified that it was not his custom to accept the recommendation of the prosecuting attorney as to punishment, but that he listened to both sides and then imposed the sentence he thought was proper. The prosecuting attorney did not have the "power to set the punishment," and there is nothing in the evidence to indicate that he attempted to assume or did assume that power.

■ As to (c): A transcript of what occurred at the time appellant entered his plea of guilty is an exhibit in this case. It shows that appellant appeared in court with his counsel, and after court related to him what had occurred at the time of his arraignment including the fact that he pleaded not guilty, the court asked appellant the purpose of his appearance in court at that time, and he replied, "Change my plea, Sir." There then followed a discussion between appellant and the court in which appellant stated that he had counseled with his attorney and thoroughly and completely understood the charge against him; that he planned to enter a plea of guilty at the time of arraignment but his "lawyers changed [his] mind;" and that he understood that he was entering a plea of guilty to robbery in the first degree by means of a dangerous and deadly weapon. Appellant was told the range of punishment, and he acknowledged that he had counseled with his attorneys concerning it and understood the range of punishment. The prosecuting attorney recommended that the punishment be imprisonment for a term of twenty-five years, and at allocution appellant stated that he knew of no legal reason why sentence and judgment should not be entered. Appellant asserts, in effect, that he was not told in precise words that he had a right to trial. However, the record shows that at appellant's request the prosecuting attorney visited him, and he was then told that if he wanted a trial, it would be held. We do not know what appellant contends to have been the "nature of the plea" as to which he was not advised, and by advising him of the range of punishment he was told the consequences of his plea. We note that appellant did not testify at the hearing on

his motion, and the testimony which we have outlined was not denied.

Appellant has failed to meet his burden to establish a right to any relief, and the findings and conclusions of the trial court are not clearly erroneous.

The judgment is affirmed.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

MORGAN, P. J., and HENLEY and DONNELLY, JJ., and DIXON, Special Judge, all concur.