Arvelle COLES, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 34837.

Missouri Court of Appeals,
St. Louis District,
Division Two.

May 15, 1973.

Ronald C. Willenbrock, St. Louis, for movant-appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, J. Brendan Ryan, Circuit Atty., James E. Darst, Asst. Circuit Atty., Charles B. Blackmar, St. Louis, for respondent.

SIMEONE, Judge.

This is an appeal from an order of the Circuit Court of the City of St. Louis overruling movant-appellant's motion to vacate judgment and sentence pursuant to Supreme Court Rule 27.26, V.A.M.R.

Appellant was found guilty of second-degree murder by a jury on February 12, 1970, and the court sentenced the appellant to a term of twenty-eight years imprisonment. The conviction was appealed to the Supreme Court and affirmed on June 14, 1971. State v. Coles, 467 S.W.2d 889 (Mo.1971). On December 6, 1971, appellant filed his motion to vacate and an attorney was appointed to represent him.

Appellant's motion to vacate alleged forty-nine grounds for relief, but evidence was introduced at the post-conviction hearing only as to three of the grounds. After an evidentiary hearing at which the appellant and his trial attorney testified, the trial court overruled the motion to vacate on August 4, 1972, and made findings of fact and conclusions of law as to all forty-nine grounds.

Appellant raises two points [1] on this appeal: The trial court erred in overruling the motion to set aside the sentence and judgment because (1) it was obtained by the use of perjured testimony which the state knew or should have known was used and failed to correct said testimony, and (2) appellant's trial counsel was ineffective in that appellant informed his counsel that the testimony was false, "but counsel failed to act on or make use of said information to discredit said witnesses."

Respondent contends that the court properly overruled the motion because it found the appellant failed to provide evidence to support his allegations and failed to establish ineffectiveness of counsel, and because such findings are not clearly erroneous.

After a careful review of the transcript of the evidentiary hearing, we must agree that the trial court was not in error and properly overruled the appellant's motion.

Without detailing all the facts, the main thrust of appellant's points is that certain witnesses committed perjury at the trial and the prosecuting attorney had knowledge or should have had knowledge of such perjury but permitted it and failed to correct it, and he informed his trial counsel of such false testimony and counsel failed to act in such a manner to discredit the witnesses. For example, one of the state's witnesses was a Mr. Harris. He testified at the trial that he had seen the appellant a couple of days or a day before the incident for which appellant was on trial. The incident occurred on July 25, 1969. But for several days prior to July 25, 1969 appellant was actually in the State Hospital in St. Louis for a "[c]ure for

---

1. Since appellant raised forty-nine issues in the trial court and received an adverse ruling on all of them, the failure of appellant to appeal those issues causes the judgment of the trial court to be final as to them. See Talley v. State, 477 S.W.2d 123, 124 (Mo.1972).

narcotics." This was stipulated to by the state on the 27.26 evidentiary hearing. Appellant was actually released from the hospital at 2:30 p. m. on July 25, 1969, so he contends the witness Harris could not have seen him a couple of days or a day before the incident. But this testimony by Mr. Harris, as we read the transcript, was brought out by the appellant's counsel on cross-examination of the witness Harris. The statement "a couple of days earlier" certainly does not establish perjury in this context. The statement is subject to many interpretations. A couple of days may mean several days; it could mean that the witness saw the appellant in the hospital. This was a matter which goes to the weight of the evidence.

Appellant contends that another witness also perjured herself because of "bad blood." But when asked during the trial whether there was any bad blood between the witness (Mrs. Pampkin) and appellant, the witness answered no.

The trial attorney testified there was nothing that led him to believe there was a knowing use of perjury on the part of the prosecuting attorney.

■ While it is true that a conviction obtained by the use of false evidence known to be such by representatives of the state who allow it to be admitted without correction must be vacated under the Fourteenth Amendment, Napue v. Illinois, 360 U.S. 264, 269, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959), the appellant here has wholly failed to meet the burden of proof imposed upon him. His allegations and evidence do not show that perjury was wilfully and knowingly committed by the witnesses, and there is no proof whatsoever of any conspiracy on the part of the prosecuting attorney to use false testimony.

■ In order to meet his burden of proof the appellant must demonstrate that the representatives of the state knew at the time of the trial that material false testimony had been given and then failed to

correct. State v. Worley, 383 S.W.2d 529, 531 (Mo.1964); State v. Statler, 383 S.W. 2d 534, 537 (Mo.1964). In reality, there is no showing of wilfully committed perjury.

■ Appellant does not allege that he was not present at the scene of the crime, in fact he admitted he was present. Rather, he urges that the state's witness Harris could not have seen him a day or two before the crime was committed. The state cannot be said to be a part of perjury on the allegations that it *should have* checked the records of the State Hospital to determine that appellant was present there.

The trial court found that appellant failed to carry the burden of proof and that there is no factual or legal basis on which movant is entitled to relief.

■ As to appellant's second contention of ineffective assistance of counsel for failure to impeach the witnesses after appellant informed him that they were not telling the truth, the trial court found that counsel ". . . was competent; that he had prepared for the trial; that he conducted a thorough and most competent cross-examination of the state's witnesses; that to expect that during the trial he make a search for the records with which to impeach the state's witness on this point is not proof of incompetence of movant's counsel."

We do not find the trial court's ruling on this point clearly erroneous. Trial strategy, even though unsuccessful, has been held to be an inadequate basis for an attack on the competency of counsel, and this rule has been applied to cases where counsel refrained from cross-examination. Thomas v. State, 475 S.W.2d 98, 100 (Mo. 1971); State v. Wilkinson, 423 S.W.2d 693, 697 (Mo.1968); In re Goodwin, 359 S.W.2d 601, 602 (Mo. bank 1962), cert. den. 371 U.S. 915, 83 S.Ct. 262, 9 L.Ed.2d 174. In State v. Turner, 353 S.W.2d 602, 605 (Mo.1962), the failure of counsel to cross-examine witnesses in the manner defendant desired was not a denial of due

process and was held not to constitute an allegation of ineffectiveness entitling defendant to relief under Supreme Court Rule 27.26. See also State v. Dean, 400 S.W.2d 413, 416 (Mo.1966).

The judgment of the trial court is affirmed.

SMITH, P. J., and KELLY, J., concur.