**STATE of Missouri, Plaintiff-Respondent,**

v.

**Lonnie Lee FRIEND, Defendant-Appellant.**

**No. KCD 29379.**

Missouri Court of Appeals, Kansas City District.

Aug. 28, 1978.

Gary E. Ravens, Marceline, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Gregory W. Schroeder, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

TURNAGE, Judge.

Lonnie Lee Friend was convicted of murder in the second degree, § 559.020, RSMo 1969, and sentenced to life imprisonment. On this appeal Lonnie contends the court erred in giving an instruction and in its refusal to declare a mistrial for failure of the State to produce two statements. Affirmed.

Lonnie does not challenge the sufficiency of the evidence. In July, 1976, three Friend brothers, Gary, Larry and Lonnie, together with Truman Atteberry, drove to a remote spot in Chariton County near the Chariton River. After they got out of the car, Truman stood at the passenger side and Lonnie stood at the front. Lonnie, Larry and Truman were intoxicated. Suddenly Lonnie drew a .22 caliber pistol, turned and shot Truman in the jaw. Truman was still standing when Larry then obtained the pistol from Lonnie and shot Truman in the

head. The three brothers left the area and Truman's body was found a few days later.

The motive for the killing developed by the evidence was the fear that Truman would tell the authorities of the involvement of Lonnie and Larry in a series of burglaries committed by the three.

■ Lonnie contends the court erred in giving Instruction 6 which was MAI–CR 6.06. The attack centers on Paragraph Second which read as follows:

Second, that the defendant or his brother, Larry Joe Friend, intended to cause serious bodily harm to Truman Lee Atteberry, and

Lonnie contends the Instruction should have used the phrase "take the life of" rather than the phrase "cause serious bodily harm to." Lonnie contends an intent to kill is an essential element of murder in the second degree.

The Notes on Use following MAI–CR 6.06 state:

3. As to paragraph Second, where there is an intent to kill, an intent to do serious bodily harm is always present. Therefore, if there is any question as to whether the defendant intended to kill or whether he intended only serious bodily harm, the better course would be to submit only the intent to do serious bodily harm.

In *State v. Wilson,* 98 Mo. 440, 11 S.W. 985, 988 (1889) the court held the law will presume an intent to kill when an act is done which is malicious and manifestly dangerous to life and produces death, even though the intent was only to do great bodily harm.

There was sufficient evidence from which the jury could have found an intent to do great bodily harm and since death resulted, the law presumes an intent to kill. The Instruction correctly stated the law and followed the Notes on Use.

■ Lonnie next contends the court erred when it failed to grant a mistrial after cross examination of Sergeant Duckworth of the Highway Patrol, a State's witness, developed that the existence of two statements given by Lonnie was not revealed to counsel. In response to a motion for discovery filed pursuant to Rule 25.32, the State gave counsel the transcript of a taped statement given by Lonnie concerning the events surrounding the killing of Truman. In addition, Sergeant Duckworth stated he also took another tape recorded statement from Lonnie which concerned only burglaries and made no mention of the killing of Truman. A third conversation he had with Lonnie concerned only the identity of the person who had removed Truman's billfold after the slaying. When the existence of these two statements was made known, counsel moved for a mistrial for failure of the State to make disclosure. No other relief was requested pursuant to Rule 25.45.

In *State v. Dayton,* 535 S.W.2d 469, 478 [15, 16] (Mo.App.1976) this court stated:

Whether prejudice results in a given case depends upon the nature of the charge, the evidence presented by the State, and the role the undisclosed testimony would likely have played.

As to the failure to produce evidence, in *State v. Moten,* 542 S.W.2d 317 (Mo.App. 1976) this court held the question becomes whether or not the failure results in fundamental unfairness to the defendant.

Here the first statement related to burglaries and nothing in the record indicates it related in any manner to homicide. In any event, if counsel so desired he could have requested a continuance in order to require production of the statement so he could examine it and satisfy himself as to its contents. The other statement, involving only the question of the removal of the deceased's wallet, likewise did not involve any details of the homicide.

In *State v. Wendell,* 547 S.W.2d 807, 817 [4] (Mo.App.1977) the court noted, "a mistrial is a drastic remedy to be invoked only in those rare circumstances where there is not any other method available for curing error occurring during the course of trial." There is no showing that the undisclosed statements would or could have played any

 

part in Lonnie's defense. No effort is made to demonstrate prejudice. Lonnie simply contends the statements were not produced and he is, therefore, entitled to a mistrial. Until the remedies in Rule 25.45 were shown to be inadequate, the necessity of a mistrial could not possibly be demonstrated. There is no showing of abuse of discretion on the part of the court due to its failure to declare the drastic remedy of a mistrial. No unfairness is shown to result against Lonnie.

The judgment is affirmed.

All concur.