**Lonnie Lee FRIEND, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 31512.**

Missouri Court of Appeals, Western District.

Nov. 3, 1980.

Jeff S. Elson, Brookfield, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, and Darrell Panethiere, Asst. Atty. Gen., Kansas City, for respondent.

Before PRITCHARD, P. J., and SWOFFORD and TURNAGE, JJ.

PER CURIAM:

Movant in 1977 after a jury trial was convicted of murder in the second degree and sentenced to life imprisonment. The conviction was affirmed in *State v. Friend*, 570 S.W.2d 817 (Mo.App.1978). Appellant has filed a motion under Supreme Court Rule 27.26 to set aside the conviction, alleging that he did not receive effective assistance of counsel upon the trial, for reasons which we shall take up later in the opinion. The trial court appointed counsel for the movant, who amended the Rule 27.26 motion. An evidentiary hearing was held thereon. The trial court made findings of fact and conclusions of law, and overruled movant's motion.

From the judgment overruling the motion, the defendant has appealed to this court. We find that the trial court's findings and judgment were amply supported by the evidence and we accordingly affirm the judgment. *Fitzpatrick v. State*, 578 S.W.2d 339, 340 (Mo.App.1979); Supreme Court Rule 27.26(j).

*Ignorance of law. Disability and unpreparedness of counsel.*

■ Appellant first argues, under the heading of ineffective assistance of counsel, that "one of appellant's attorneys was not adequately prepared and not capable of properly representing appellant due to a lack of knowledge of the criminal law and due to health problems".

Mr. Speiser was appointed by the magistrate court to represent the defendant. After a preliminary hearing, defendant was bound over for trial to the circuit court. Mr. Speiser testified on the Rule 27.26 hearing that he requested leave of the circuit court to withdraw on the basis of not feeling too well, having some hearing loss and his not having worked in the criminal field for a number of years. The court did not grant Mr. Speiser's motion, but did appoint Mr. Gary Ravens to assist him in representing the defendant.

As to Ravens' effectiveness as counsel, appellant was asked on the 27.26 hearing if he felt Ravens was competent to act as his attorney. Appellant replied in the affirmative. At no point does appellant make any complaint about Ravens' adequacy.

Only during the preliminary hearing did Mr. Speiser represent the appellant without assistance. Appellant reminds us that the preliminary hearing is a critical stage of a criminal prosecution, citing *Coleman v. Alabama*, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970). There is not, however, the slightest showing of Mr. Speiser's ineffectiveness. Speiser himself testified on the Rule 27.26 hearing that he had told the appellant that he had not been involved in criminal practice for a number of years. He did not tell him that he didn't know the law, but told him "there might have been some more recent developments that I wasn't particularly familiar with without going into it". He said he did some study to inform himself of changes that had come about since he was involved in the trial of a criminal case. He said that he felt that he was adequately prepared regarding the facts of the case and the law of the case at the time of trial and had no particular problem. By having answers repeated, he could hear all that a witness said.

It should be emphasized that the defendant does not particularize any complaint about Mr. Speiser's performance in representing him at the preliminary hearing. There is absolutely nothing to support defendant's allegation that Mr. Speiser was ineffective in representing him at that proceeding.

*Failure to interview and call witnesses.*

■ Next appellant says that he was denied effective assistance of counsel in that his attorneys failed to consult with or call as witnesses persons suggested by appellant, which witnesses could have impeached

the testimony of a state's witness at trial. This complaint refers to the fact that appellant had told counsel that he could "get some witnesses to show what kind of person [Joyce Biesmeyer] was and they said, 'You don't need them'". Joyce Biesmeyer was a former wife of the defendant and an eyewitness to the killing of which movant was convicted. Defendant did not claim that he requested his attorneys to call any witnesses who were not called, nor to interview any witnesses who were not interviewed.

On the Rule 27.26 hearing, it turns out that the witnesses whom the appellant had in mind were his mother, father and brother. Their testimony would have been that Joyce "was scared of me and she'd do anything to keep me locked up so I wouldn't go around her". He suggested also on the Rule 27.26 hearing that Joyce's next-door neighbors would have or might have testified to impeach Joyce's credibility.

Even had the defendant suggested before the trial that his attorneys interview these particular witnesses, and had they been called as witnesses and testified as the movant said on the Rule 27.26 hearing that they would, still it cannot be said that defendant was prejudiced by the failure to present such testimony. The testimony would have been of dubious weight in impeaching Joyce's testimony, but would have had a definite tendency to show a violent and turbulent disposition on the part of the defendant. The attorneys would probably have been ill advised to use it.

Defendant has failed to show ineffectiveness of counsel by this alleged omission on the part of his attorneys.

*Failure to cross–examine adverse witness on particular subject.*

■ Next defendant says that his attorneys were derelict in their duty in that they failed to cross–examine Joyce about the following matter: "Well, I told him what Joyce told me on July 11th of '76, that Deputy Sheriff Bob Evans told her if she didn't sign a statement saying that I killed Atterbury, that he was going to put her in jail and take her kids away from her. I told both attorneys that and they didn't ask her nothing about it. They just said it was my word against hers."

■ The transcript of the trial reveals that Joyce was searchingly cross–examined and at considerable length. The trial court found as a fact that "trial counsel for movant did in fact extensively and adequately cross–examine Joyce Biesmeyer ..." The omission of cross–examination on the subject of the deputy sheriff's threats could have a variety of different explanations. The extent of cross–examination, and the subjects covered must in almost every case be left to the judgment of counsel. *Cole v. State*, 573 S.W.2d 397, 403 (Mo.App.1978); *Coles v. State*, 495 S.W.2d 685, 687 (Mo.App. 1973).

The appellant has quoted from *Seales v. State*, 580 S.W.2d 733 (Mo. banc 1979) the standard of effective assistance of counsel. At page 736 the court said: " '... a defendant must show that his attorney failed to exercise the customary skill and diligence that a reasonable, competent attorney would perform under similar circumstances, and that he was prejudiced thereby.' "

■ The trial court found that the defendant had failed on both counts, that is, had failed to show that his attorneys had failed to exercise the requisite skill and diligence in their handling of his case, and had failed also to show that the defendant was prejudiced by any of the suggested omissions on their part. We believe the evidence amply supports, even compels, the judgment of the trial court.

The judgment is affirmed.